Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel.: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

*Local Counsel for Michiana Area
Electrical Workers' Pension Fund*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JERIES SALEH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ASTRAZENECA PLC, PASCAL SORIOT and ARADHANA SARIN,<br><br>Defendants. | 2:24-cv-11021-JFW-AS<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF MICHIANA AREA ELECTRICAL WORKERS' PENSION FUND AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date: March 24, 2025<br>Time: 1:30 PM<br>Courtroom: 7A<br>Judge: Hon. John F. Walter |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................ii

I.     PRELIMINARY STATEMENT..................................................................1

II.    STATEMENT OF ISSUES TO BE DECIDED ..........................................2

III.   FACTUAL BACKGROUND ......................................................................2

IV.    ARGUMENT ..............................................................................................4

    A.  Legal Standard for Lead Plaintiff Appointment ..................................4

    B.  MAEW's Motion Is Timely...................................................................5

    C.  MAEW Has the Largest Financial Interest in the Relief Sought by the Class ...............................................................................................6

    D.  MAEW Satisfies the Relevant Requirements of Rule 23.....................8

        1.  MAEW Is Typical...........................................................................9

        2.  MAEW Is Adequate .................................................................. 10

    E.  MAEW Is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA ...............................................................................................11

    F.  The Court Should Approve MAEW's Selection of Counsel..............12

CONCLUSION...............................................................................................13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*B.K. by next friend Tinsley v. Snyder,*
    922 F.3d 957 (9th Cir. 2019) .......................................................................... 9

*Ferreira v. Funko, Inc.,*
    No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328 (C.D. Cal. June 11,
    2020) ........................................................................................................... 5, 8

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ......................................................................... 9

*In re Cavanaugh,*
    306 F.3d 726 (9th Cir. 2002) ................................................................. *passim*

*In re Cohen v. U. S. Dist. Ct. for the N. Dist. of Cal.,*
    586 F.3d 703 (9th Cir. 2009) ......................................................................... 12

*In re Extreme Networks Inc. Sec. Litig.,*
    No. 15-CV-04883-BLF, 2016 WL 3519283 (N.D. Cal. June 28, 2016) ........ 11

*In re Mersho v. U.S. Dis. Ct. for the Dist. of Arizona,*
    6 F.4th 891 (9th Cir. 2021) .............................................................................. 9

*In re Olsten Corp. Sec. Litig.,*
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................. 6

*In re Wrap Tech., Inc., Sec. Litig.,*
    CV 20-8760-DMG (RAOx), 2021 WL 71433 (C.D. Cal. Jan 7, 2021) ........ 6, 7

*Knox v. Yingli Green Energy Holding Co.,*
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ........................................................... 6

*Mild v. PPG Indus., Inc.,*
    No. CV 18-04231-RGK (JEMx), 2018 WL 6930268 (C.D. Cal. Aug. 27,
    2018) ........................................................................................................... 9, 10

*Puente v. Chinacast Educ. Corp.,*
    No. CV 12-4621-JFW, 2012 WL 3731822 (C.D. Cal. Aug. 22, 2012) ............ 9

ii

*Real v. Yuga Labs, Inc.*,
    No. CV-22-8909 FMO (PLAx), 2023 WL 8000329 (C.D. Cal. Nov. 7,
    2023) .................................................................................................................. 5

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ......................................................................... 10

 *Waterford Township Police v. Mattel, Inc.*,
    No. 17-cv-04732 VAP (KSx), 2017 WL 10667732 (C.D. Cal. Sept. 29,
    2017) .................................................................................................................. 7

**Statutes**

15 U.S.C. § 78u-4(a) ..................................................................................... *passim*

**Other Authorities**

H.R. Conf. Rep. No. 104-369, *reprinted in* 1995 U.S.C.C.A.N. 730 .................. 11

iii

Michiana Area Electrical Workers' Pension Fund ("MAEW") respectfully submits this memorandum of points and authorities in support of its motion, pursuant to § 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order (i) appointing MAEW as Lead Plaintiff in the class action pending against AstraZeneca PLC ("AstraZeneca" or the "Company"), Pascal Soriot, and Aradhana Sarin (collectively, "Defendants"); and (ii) approving MAEW's selection of Grant & Eisenhofer P.A. ("Grant & Eisenhofer") as Lead Counsel for the Class.

## I.    PRELIMINARY STATEMENT

MAEW, a sophisticated institutional investor that oversees more than $200 million in assets, respectfully submits that it should be appointed Lead Plaintiff on behalf of purchasers of publicly traded AstraZeneca securities between February 23, 2022 and December 17, 2024, inclusive (the "Class Period").  MAEW satisfies all prerequisites to be appointed as Lead Plaintiff.  In particular, MAEW sustained a loss of $37,364 on a last-in, first-out ("LIFO") basis in connection with its investment in AstraZeneca securities during the Class Period, and knows of no other lead plaintiff applicant with higher losses.  Further, MAEW is a sophisticated institutional investor with prior lead plaintiff experience.

1

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should appoint MAEW as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2.    Whether the Court should approve MAEW's selection of Grant & Eisenhofer as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III.    FACTUAL BACKGROUND

AstraZeneca, a corporation incorporated in England and Wales with offices in California, is a large pharmaceutical and medical products company that focuses on the discovery, development, and commercialization of prescription medicines. ECF No. 1 (the "Complaint") at ¶ 7. AstraZeneca's medicines are sold in more than 125 countries and used by millions of patients worldwide. *Id.* at ¶ 7. AstraZeneca's American Depository Shares ("ADS") trade on the NASDAQ under the ticker symbol "AZN." *Id.* at ¶ 9. Defendant Pascal Soriot ("Soriot") served as AstraZeneca's CEO during the Class Period. *Id.* at ¶ 11. Defendant Aradhana Sarin ("Sarin") was AstraZeneca's CFO during the Class Period. *Id.* at ¶ 12.

The Complaint alleges that throughout the Class Period, Defendants made materially false and misleading statements and omitted to disclose material information regarding AstraZeneca's business, operations, and prospects. *Id.* at ¶ 33. These false and misleading statements artificially inflated the market price of AstraZeneca's securities. *Id.* at ¶ 57. Specifically, Defendants concealed that: (i)

2

AstraZeneca had engaged in insurance fraud in China; (ii) the insurance fraud scheme subjected AstraZeneca to heightened criminal legal exposure in China, which eventually resulted in the AstraZeneca China President's detention by Chinese law enforcement authorities; (iii) AstraZeneca failed to warn investors of the risks to its business associated with its operations in China, including any in connection with insurance fraud; (iv) Defendants' statements about its business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times, which caused investors to purchase its securities at inflated prices; and (v) the foregoing facts, once revealed, materially harmed AstraZeneca's investors, causing them to suffer damages. *Id.* at ¶ 33.

Investors began to learn the truth on October 30, 2024, when AstraZeneca announced that its China President was under investigation. *Id*. at ¶ 34. This announcement caused the price of AstraZeneca's securities to drop $2.39 per ADS, or 3.1%, to close at $72.83 on October 30, 2024. *Id.* at ¶ 35. On November 5, 2024, Yicai Global published an article entitled "AstraZeneca Insurance Fraud Involves Dozen of Senior Executives in China, Source Says," reporting that, among other things, AstraZeneca "staff forged positive genetic testing reports to defraud the health insurance fund" and that "insurance fraud cases involving AstraZeneca have surfaced in Shenzhen as well as the provinces of Fujian and Jiangxi…amount[ing] to the largest insurance fraud in the nation's pharmaceutical sector for years." *Id*. at ¶ 36. That same day, Reuters reported that AstraZeneca's

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF MAEW AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL–2:24-CV-11021-JFW-AS

"medical representatives have been previously found to fake prescriptions for AstraZeneca's lung cancer drug, Tagrisso, to allow patients to buy it through the state's medical insurance program." *Id*. at ¶ 37. On this news, AstraZeneca's ADS declined another $5.16 per ADS, or 7.2%, to close at $66.27 per ADS on November 5, 2024. *Id*. at ¶ 38. The next day, they declined another $2.42 per ADS, or 3.65%, to close at $63.85 per ADS on November 6, 2024. *Id*. Further, on December 18, 2024, before the American market opened, the *Financial Times* published an article entitled "AstraZeneca insiders expect sales dip in China after arrest of local boss," reporting that AstraZeneca executives "expect to see an 'evident' revenue hit in China in the wake of the arrest of its country president Leon Wang and several other senior executives…represent[ing] a dramatic reversal of fortunes for AstraZeneca in China, where it is the largest foreign drugmaker by sales." *Id*. at ¶ 39. On this news, AstraZeneca's ADS declined $2.54 per ADS, or 3.78%, to close at $64.64 on December 18, 2024. *Id.* at ¶ 40.

## IV.    ARGUMENT

### A.    LEGAL STANDARD FOR LEAD PLAINTIFF APPOINTMENT

A movant must meet certain requirements set forth by the PSLRA before the Court can appoint it to be lead plaintiff. First, the PSLRA requires lead plaintiff motions to be filed no later than 60 days after the date on which notice of the class action is published. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Next, the PSLRA requires the Court to "appoint as lead plaintiff the member or members of the purported

4

plaintiff class that the court determines to be most capable of adequately representing the interests of the class members…" 15 U.S.C. § 78u–4(a)(3)(B)(i). The statute creates the presumption that the "most adequate plaintiff" will serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The "most adequate plaintiff" is determined by a two-step process under the PSLRA. First, the PSLRA establishes a rebuttable presumption that the "person or group of persons" with the largest financial interest in the litigation is the "most adequate plaintiff." *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *5 (C.D. Cal. June 11, 2020). This presumption may be overcome only by proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 741 (9th Cir. 2002). The lead plaintiff movant must then also make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23. *Real v. Yuga Labs, Inc.*, No. CV-22-8909 FMO (PLAx), 2023 WL 8000329, at *2 (C.D. Cal. Nov. 7, 2023). As further discussed below, MAEW meets these requirements and should therefore be appointed Lead Plaintiff.

### B.    MAEW'S MOTION IS TIMELY

Statutory notice of this action was published on December 23, 2024, advising putative class members of the pendency of the Action, the claims asserted,

5

the proposed class period, and the February 21, 2025 deadline to make a motion seeking to be appointed as lead plaintiff. *See* the Declaration of Karin E. Fisch (the "Fisch Decl."), Ex. C. Because MAEW's motion has been filed by the statutory deadline, MAEW is eligible for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

### C.     MAEW HAS THE LARGEST FINANCIAL INTEREST IN THE RELIEF SOUGHT BY THE CLASS

Most courts use the following *Olsten-Lax* factors to calculate a lead plaintiff movant's financial interest in the litigation: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). The final factor, which considers the approximate losses suffered, is widely regarded as the factor commanding the most weight. *See Knox,* 136 F. Supp. 3d at 1163; *see also In re Wrap Tech., Inc., Sec. Litig.*, CV 20-8760-DMG (RAOx), 2021 WL 71433, at *2 (C.D. Cal. Jan 7, 2021) (noting that "courts in the Ninth Circuit have tended to give the final factor the most emphasis…") (internal quotations omitted).

MAEW presumptively has the "largest financial interest in the relief sought by the class" and should therefore be appointed Lead Plaintiff. 15 U.S.C. § 78u-

6

4(a)(3)(B)(iii); *see also* In re Cavanaugh, 306 F.3d at 729-32.  As evidenced by its PSLRA Certification, MAEW suffered approximately $37,364 in LIFO losses[1] on its purchases of AstraZeneca securities as a result of Defendants' Exchange Act violations.  *See* Fisch Decl., Exs. A-B.  To the best of MAEW's knowledge, no other movant for lead plaintiff has a larger financial interest.

The remaining *Olsten-Lax* factors similarly support a finding that MAEW has the largest financial interest in the relief sought by the Class, as demonstrated by the chart below.  Specifically, MAEW purchased a significant number of American Depository Shares of AstraZeneca which it held throughout the Class Period through all the alleged corrective disclosures, and expended over $300,000 in net funds on those purchases:

| Total Number of Shares Purchased | Net Number of Shares Purchased | Net Funds Expended | LIFO Loss |
|---|---|---|---|
| 3,826 | 3,826 | $300,773 | $37,364 |

MAEW believes that no other lead plaintiff movant has a larger financial interest in the outcome of the litigation as analyzed pursuant to the *Olsten-Lax*

---

[1] LIFO is the more conservative method of loss calculation and is thus preferred and endorsed by most federal courts, including those in the Ninth Circuit.  *See In re Wrap Tech.*, 2021 WL 71433, at *2 ("courts in the Ninth Circuit…tend to use a last in, first out ('LIFO') methodology") (citing *Waterford Township Police v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 WL 10667732, at *5 (C.D. Cal. Sept. 29, 2017) (collecting cases)).

factors.    Accordingly, MAEW is the presumptive lead plaintiff.    *See In re Cavanaugh*, 306 F.3d at 730.

### D.    MAEW SATISFIES THE RELEVANT REQUIREMENTS OF RULE 23

In addition to possessing a significant financial interest, a lead plaintiff movant must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  The presumptive lead plaintiff need only make "a prima facie showing of typicality and adequacy" under Rule 23.  *In re Cavanaugh*, 306 F.3d at 731.  Rule 23(a) provides that a party may serve as a class representative when the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of these four requisites needed to certify a class under Rule 23(a), only typicality and adequacy are necessary to consider at the lead plaintiff appointment stage. *Ferreira*, 2020 WL 3246328, at *7-8; *In re Cavanaugh*, 306 F.3d at 730 n.5.  As further discussed below, MAEW "otherwise satisf[ies] the requirements of Rule 23" because its claims and defenses are "typical of the claims or defenses of the class" and because it will "fairly and adequately protect the interests of the class."

8

### 1.   MAEW Is Typical

Where the named plaintiff's "representative claims" are "reasonably co-extensive with those of absent class members" the claims are said to be typical. *Puente v. Chinacast Educ. Corp.*, No. CV 12-4621-JFW, 2012 WL 3731822, at *3 (C.D. Cal. Aug. 22, 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).   The Ninth Circuit has held that the claims need "not be substantially identical" to satisfy the typicality requirement.   *B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 969-70 (9th Cir. 2019).   Rather, all a movant need show is that it "(1) suffered the same injuries as absent class members, (2) as a result of the same course of conduct, and (3) [its] claims are based on the same legal issues."   *Mild v. PPG Indus., Inc.*, No. CV 18-04231-RGK (JEMx), 2018 WL 6930268, at *2 (C.D. Cal. Aug. 27, 2018) (internal quotation omitted).

MAEW's claims are typical of the proposed Class.   Like all other Class members, MAEW: (1) purchased AstraZeneca securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by Defendants' conduct, causing the price of AstraZeneca securities to drop.   "At this step, the process is not adversarial, so the Rule 23 determination should be based on only the movant's pleadings and declarations."   *In re Mersho v. U.S. Dis. Ct. for the Dist. of Arizona*, 6 F.4th 891, 899 (9th Cir. 2021).   Based on MAEW's declaration and pleadings, its claims are

9

based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, and thus satisfy Rule 23(a)(3)'s typicality requirement. *See Mild*, 2018 WL 6930268, at *2. For these reasons, MAEW has demonstrated typicality.

### 2. MAEW Is Adequate

MAEW also meets the adequacy requirements of Rule 23(a)(4). A lead plaintiff movant satisfies the adequacy element of Rule 23 where it can demonstrate that it will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when the movant and its counsel: (1) do not have any conflicts of interest with other class members; and (2) will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.,* 327 F.3d 938, 957 (9th Cir. 2003).

MAEW does not have conflicts of interest with other Class members, as evidenced by its certification submitted herewith. *See* Fisch Decl., Ex. A. Indeed, its interests are aligned with those of the other Class members and not antagonistic in any way. Further, because MAEW suffered significant financial losses due to Defendants' misrepresentations and omissions, it has an interest in vigorously prosecuting the action on behalf of the Class. There are no facts which suggest that there is any potential or actual conflict of interest between MAEW and absent Class members. Additionally, as institutional investors with a substantial financial

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF MAEW AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL–2:24-CV-11021-JFW-AS

stake in the litigation, MAEW has the resources, experience, and expertise to vigorously represent the Class and prosecute this action.

Because MAEW has the largest financial interest, satisfies Rule 23's typicality and adequacy requirements, and is an institutional investor with lead plaintiff experience and an interest in vigorously prosecuting the action to obtain the maximum recovery for the Class, MAEW is the most adequate lead plaintiff.

### E.    MAEW IS PRECISELY THE TYPE OF LEAD PLAINTIFF ENVISIONED BY THE PSLRA

In addition to satisfying the requirements of Rule 23, MAEW, a sophisticated institutional investor that manages more than $200 million in assets, is exactly the type of lead plaintiff Congress prefers to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34, *reprinted in* 1995 U.S.C.C.A.N. 730,  at 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *see also In re Extreme Networks Inc. Sec. Litig.*, No. 15-CV-04883-BLF, 2016 WL 3519283, at *6 (N.D. Cal. June 28, 2016) (considering Congress's goal of increasing "participation of institutional investors in prosecuting securities cases" when appointing pension fund as lead plaintiff) (internal citation omitted).   This additional fact also counsels in favor of appointing MAEW to be lead plaintiff.

11

### F.   THE COURT SHOULD APPROVE MAEW'S SELECTION OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). *See In re Cohen v. U. S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citation omitted).

MAEW has selected Grant & Eisenhofer to serve as Lead Counsel for the Class.  Grant & Eisenhofer is among the preeminent securities class action law firms in the country and has served as lead or co-lead counsel in several complex securities fraud actions.  Grant & Eisenhofer has recovered and collected billions of dollars for shareholders, including as lead counsel in some of the largest securities class actions in history such as: *In re Tyco Int'l Ltd. Sec. Litig.*, No. 02-cv-1335 (D.N.H.) ($3.2 billion recovery); *In re Pfizer Inc. Sec. Litig.*, No. 1:04-cv-9866 (S.D.N.Y.) ($486 million recovery); *In re Glob. Crossing, Ltd. Sec. Litig.*, No. 02-cv-910 (S.D.N.Y.) ($448 million recovery); *In re Marsh & McLennan Cos. Sec. Litig.*, MDL No. 1744 (S.D.N.Y.) ($400 million recovery); *In re Refco, Inc., Sec. Litig.*, No. 05-cv-8626 (S.D.N.Y.) ($367 million recovery); *In re GM Corp. Sec. Litig.*, MDL No. 1749 (E.D. Mich.) ($303 million recovery); *In re Oxford Health Plans, Inc., Sec. Litig.*, MDL No. 1222 (S.D.N.Y.) ($300 million recovery); and *In re Safety-Kleen Corp. Bondholders Litig.*, No. 00-cv-1145-17 (D.S.C.) ($276 million recovery).  *See* Fisch Decl., Ex. D (Grant & Eisenhofer Firm

12

Biography).  Because there is nothing to suggest that MAEW or its counsel will not fairly and adequately represent the Class, or that MAEW is subject to unique defenses, this Court should appoint the MAEW as Lead Plaintiff and approve its selection of Grant & Eisenhofer as lead counsel.

## CONCLUSION

For the foregoing reasons, MAEW respectfully requests that this Court grant its motion for Lead Plaintiff and appoint its selection of counsel as Lead Counsel for the Class.

13

Dated: Los Angeles, California        Respectfully submitted,
February 21, 2025

/s/ Laurence M. Rosen
Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel.: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

*Local Counsel for Michiana Area
Electrical Workers' Pension Fund*

Karin E. Fisch (*pro hac vice* pending)
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: kfisch@gelaw.com

*Counsel for Michiana Area Electrical
Workers' Pension Fund and Proposed
Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF
MAEW AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL–2:24-CV-11021-
JFW-AS

## **CERTIFICATE OF PAGE LIMIT AND WORD COUNT**

The undersigned, counsel of record for MAEW, certifies that this brief contains 3,609 words, which complies with the word limits of L.R. 11-6.1.

Executed on February 21, 2025.


/s/     *Laurence M. Rosen*
Laurence M. Rosen

15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF MAEW AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL–2:24-CV-11021-JFW-AS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on February 21, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/EMF system which sent notification of such filing to counsel of record.

Executed on February 21, 2025.

*/s/     Laurence M. Rosen*
Laurence M. Rosen

16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF MAEW AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL–2:24-CV-11021-JFW-AS