ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT H. SAHAM (188355)
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JERIES SALEH, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>      vs.<br><br>ASTRAZENECA PLC,<br><br>                              Defendants. | Case No. 2:24-cv-11021-JFW-AS<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE:       March 24, 2025<br>TIME:       1:30 p.m.<br>CTRM:      7A<br>JUDGE:     Hon. John F. Walter |

4920-9313-1806.v1

## I.    INTRODUCTION

Pending before the Court is a securities class action lawsuit on behalf of purchasers of AstraZeneca PLC ("AstraZeneca" or the "Company") publicly traded securities between February 23, 2022 and December 17, 2024, inclusive (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 ("Exchange Act") against the Company and certain of its executive officers. The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The most adequate plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Teamsters Local 710 Pension Fund and St. Clair County Employees' Retirement System (collectively, the "Pension Funds") should be appointed lead plaintiff because they filed a timely motion, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension Funds' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    FACTUAL BACKGROUND

AstraZeneca is a biopharmaceutical company that focuses on the discovery, development, manufacture, and commercialization of prescription medicines. AstraZeneca's American Depositary Shares ("ADSs") trade on the NASDAQ under the ticker AZN.

The complaint (ECF 1) alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) AstraZeneca engaged in insurance fraud in China; (ii) as a result, the Company faced heightened

- 1 -

4920-9313-1806.v1

legal exposure in China, which eventually resulted in the AstraZeneca China President being detained by Chinese law enforcement authorities; (iii) thus, AstraZeneca understated its legal risks; and (iv) the foregoing, once revealed, could materially harm the Company's business activities in China.

The Complaint alleges that the truth regarding AstraZeneca's misconduct was revealed to the market through a series of disclosures, each resulting in a decline to the price of AstraZeneca's ADSs:

- On October 30, 2024, AstraZeneca posted an announcement on its website under the heading "AstraZeneca China President currently under investigation," stating that "Leon Wang, Executive Vice President International and AstraZeneca China President, is cooperating with an ongoing investigation by Chinese authorities." ECF 1 at ¶34.

- On November 5, 2024, *Yicai Global* published an article entitled "AstraZeneca Insurance Fraud Involves Dozens of Senior Executives in China, Source Says" and *Reuters* published an article entitled "AstraZeneca shares fall on report of potential China probe fallout." ECF 1 at ¶¶36-37.

- On December 18, 2024, *Financial Times* published an article entitled "AstraZeneca insiders expect sales dip in China after arrest of local boss." ECF 1 at ¶39.

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of AstraZeneca's securities, class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Pension Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff

- 2 -

class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on December 23, 2024 via *Business Wire*. *See* Declaration of Michael Albert in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Albert Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa)   has either filed the complaint or made a motion in response to a notice . . .

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The Pension Funds meet these requirements and should therefore be appointed as Lead Plaintiff.

### 1.      This Motion Is Timely

The December 23, 2024 statutory notice published on *Business Wire* advised purported class members of the pendency of the action, the claims asserted, and the right to move the Court for appointment as lead plaintiff by February 21, 2025. *See*

- 3 -

4920-9313-1806.v1

Albert Decl., Ex. A.  Because the Pension Funds' motion has been timely filed, they are eligible for appointment as lead plaintiff.

### 2.  The Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Pension Funds purchased 55,733 AstraZeneca ADSs and suffered more than $259,561 in losses as a result of defendants' alleged misconduct.  *See* Albert Decl., Exs. B, C.  To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Pension Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3.  The Pension Funds Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730; *Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at *5 (C.D. Cal. Jan. 21, 2011).

"'Under [Rule 23's] permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Lloyd*, 2011 WL 13128303, at *5 (citation omitted).  Here, like all other class members, the Pension Funds: (1) purchased AstraZeneca ADSs during the Class Period; (2) were adversely affected by the alleged wrongdoing; and (3) suffered damages thereby.  *See* Albert Decl., Exs. B, C.  "The typicality requirement thus appears to be satisfied because [their] claims arise 'from the same event[s] or course of conduct that gives rise to the claims of other class members,' and

- 4 -

4920-9313-1806.v1

are 'based on the same legal theory.'" *Lloyd*, 2011 WL 13128303, at *6 (citation omitted).

"The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Id*. Here, the Pension Funds' substantial stake in the outcome of the case indicates that they have the requisite incentive to vigorously represent the class's claims. The Pension Funds' interests are aligned with the interests of the putative class. And, as institutional investors with experience serving as lead plaintiff alongside other institutional investors, the Pension Funds are precisely the type of investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."). As set forth in greater detail in the Joint Declaration submitted herewith, the Pension Funds are experienced fiduciaries managing substantial assets for their participants and their beneficiaries. Albert Decl., Ex. D at ¶¶2-3, 5. The Pension Funds understand the obligations of a lead plaintiff to absent class members under the PSLRA and are willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution. *Id.*, ¶¶4, 6-9. Finally, the Pension Funds have selected qualified counsel to represent them and the putative class. *See* §III.B., *infra*. As such, the Court should find that the adequacy requirement has been met.

Because the Pension Funds filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

4920-9313-1806.v1

**B.      The Court Should Approve the Pension Funds' Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen, 586 F.3d 703, 711-12 (9th Cir. 2009)*; *Cavanaugh, 306 F.3d at 732-35*.  In this case, the Pension Funds have selected Robbins Geller.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g., In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature").  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as an in-District 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

---

[1]      For a detailed description of proposed lead counsel's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com.  Paper copies of the Firm's resume is available upon the Court's request, if preferred.

[2]      *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the

- 6 -

4920-9313-1806.v1

Based upon their counsel's extensive experience and proven track record in securities class actions, the Pension Funds' selection of counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Pension Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Pension Funds respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED:  February 21, 2025                    Respectfully submitted,

                                                                  ROBBINS GELLER RUDMAN
                                                                    & DOWD LLP
                                                                  SCOTT H. SAHAM
                                                                  DANIELLE S. MYERS
                                                                  MICHAEL ALBERT


                                                                               s/ Michael Albert
                                                                  _____
                                                                      MICHAEL ALBERT

                                                                  655 West Broadway, Suite 1900
                                                                  San Diego, CA  92101
                                                                  Telephone:  619/231-1058
                                                                  619/231-7423 (fax)
                                                                  scotts@rgrdlaw.com
                                                                  dmyers@rgrdlaw.com
                                                                  malbert@rgrdlaw.com

                                                                  Proposed Lead Counsel for Proposed Lead
                                                                  Plaintiff

---

Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 7 -

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
vanoverbeke@vmtlaw.com
tmichaud@vmtlaw.com

Additional Counsel

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Teamsters Local 710 Pension Fund and St. Clair County Employees' Retirement System, certifies that this brief contains 1,960 words, which complies with the word limit of L.R. 11-6.1.

DATED:  February 21, 2025

                                          s/ Michael Albert
                                        MICHAEL ALBERT

- 8 -

4920-9313-1806.v1