HENRY ROSEN (Bar No. 156963)
hrosen@dicellolevitt.com
BRIAN O. O'MARA (Bar No. 229737)
briano@dicellolevitt.com
HANI Y. FARAH (Bar No. 307622)
hfarah@dicellolevitt.com
KELSEY ANDERSON (Bar No. 359467)
kanderson@dicellolevitt.com
**DiCELLO LEVITT LLP**
4747 Executive Dr., Suite 240
San Diego, CA 92121
Tel.: (619) 923-3939

*Proposed Lead Counsel for Proposed Lead Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JERIES SALEH, Individually and on Behalf of All Others Similarly Situated, ) )<br><br>Plaintiff, )<br>)<br>vs. )<br>)<br>ASTRAZENECA PLC, PASCAL SORIOT, and ARADHANA SARIN, )<br>)<br>Defendants. )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>_____ x | Case No. 2:24-cv-11021<br><br>**CLASS ACTION**<br><br>MEMORANDUM OF LAW IN SUPPORT OF THE INSTITUTIONAL INVESTOR FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE: March 24, 2025<br>TIME: 1:30 p.m.<br>CTRM: 7A<br>JUDGE: Hon. John F. Walter |

**TABLE OF CONTENTS**

I.      BACKGROUND AND INTRODUCTION.........................................................1

II.     STATEMENT OF FACTS........................................................................2

III.    ARGUMENT .......................................................................................4

        A.     The Institutional Investor Funds Should Be Appointed Lead
               Plaintiff...................................................................................4

               1.      The Institutional Investor Funds' Motion Is Timely.................5

               2.      The Institutional Investor Funds Possess the Largest
                       Financial Interest in the Relief Sought by the Class .................5

        B.     The Institutional Investor Funds Satisfy Rule 23's Typicality
               and Adequacy Requirements .............................................................6

        C.     The Institutional Investor Funds' Selection of Counsel Should
               Be Approved .................................................................................8

IV.     CONCLUSION ....................................................................................9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ................................................................ 1, 4, 6, 8

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ............................................................................ 6

*Hufnagle v. Rino Int'l Corp.*,
No. CV 10-8695-VBF, 2011 WL 710704 (C.D. Cal. Feb. 14, 2011) .................. 8

*In re Mersho*,
6 F.4th 891 (9th Cir. 2021) ........................................................................... 4, 7

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ............................................................................ 6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ......................................................................................... 7

*United Ass'n of Plumbers & Pipefitters, Journeymen, Loc. #38*
*Defined Benefit Pension Plan v. Syneos Health, Inc.*,
No. 23-cv-6548, 2023 WL 6622547 (S.D.N.Y. Oct. 11, 2023) .......................... 8

*In re Vivendi Universal, S.A. Sec. Litig.*,
605 F. Supp. 2d 570 (S.D.N.Y. 2009) ............................................................... 8

Memorandum of Law in Support of the Institutional Investor Funds' Motion for Appointment as
Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel – No. 2:24-cv-11021

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.

§78u-4(a)(1)........................................................................................................4
§78u-4(a)(3)(A)(i)(II) .........................................................................................5
§78u-4(a)(3)(B)(i)................................................................................................1
§78u-4(a)(3)(B)(iii) .............................................................................................2
§78u-4(a)(3)(B)(iii)(I)(aa) ...................................................................................4
§78u-4(a)(3)(B)(iii)(I)(bb)...................................................................................6
§78u4(a)(3)(B)(iii)(I)(cc) ....................................................................................6
§78u-4(a)(3)(B)(v)...............................................................................................8
§78j(b) ..................................................................................................................1
78t(a).....................................................................................................................1

FEDERAL RULES OF CIVIL PROCEDURE

Rule 23........................................................................................................ 1, 4, 6, 9
Rule 23(a)(3)...........................................................................................................6
Rule 23(a)(4)....................................................................................................6, 7,8

17 C.F.R.

§240.10b-5 ............................................................................................................1

Memorandum of Law in Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel – No. 2:24-cv-11021

## I.    BACKGROUND AND INTRODUCTION

On December 23, 2024, a federal securities class action captioned *Saleh v. AstraZeneca PLC, et al.*, Case No. 2:24-cv-11021-JFW-AS, was filed on behalf of purchasers of AstraZeneca PLC ("AstraZeneca" or the "Company") securities between February 23, 2022 and December 17, 2024, both dates inclusive (the "Class Period").  The action alleges that the Company and two senior officers violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Securities and Exchange Commission Rule 10b-5 promulgated thereunder.[1]

In securities class actions such as the above-captioned action, the PSLRA requires the Court to appoint as lead plaintiff the "most adequate plaintiff" to represent the class.  *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  The "most adequate plaintiff" is the person or group of persons which possess the largest financial interest in the relief sought by the class and satisfy the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.  *Id.* at 730.

Here, the Institutional Investor Funds[2] should be appointed lead plaintiff because they timely filed this motion, are the "most adequate plaintiff" because they

---

[1] Because the Private Securities Litigation Reform Act of 1995 ("PSLRA") permits any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff,   15 U.S.C. §78u-4(a)(3)(B)(i), the Institutional Investor Funds cannot ascertain whether any other parties will also seek appointment as lead plaintiff until after the deadline expires on February 21, 2025.  Accordingly, the Institutional Investor Funds' (defined herein) counsel respectfully requests that compliance with the meet and confer requirements of Local Rule 7-3 be waived due to the fact that the Institutional Investor Funds cannot confer with unknown movants.

[2] The Institutional Investor Funds are comprised of the following related funds: C+F (C+F World Equities and C+F Very Low) and Universal Invest (Universal Invest Dynamic, Universal Invest High, Universal Invest Medium and Universal Invest Low),  *See* Declaration of Brian O. O'Mara in Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("O'Mara Decl."), Ex. B, filed concurrently herewith. Cadelam and Cadelux S.A. are the related management companies of the respective SICAVs, C+F and Universal Invest, all of which are under common management and control, and in the execution of their functions as management company under

Memorandum of Law in Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel – No. 2:24-cv-11021

purchased more than 2,186,621 shares of AstraZeneca securities during the Class Period, expending more than $112,700,000 and suffering losses of over $10,260,000 million, *see* O'Mara Decl., Exs. B, C, their claims are typical of the claims of the class, and they will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Court should approve the Institution Investor Funds' selection of DiCello Levitt LLP ("DiCello Levitt" or the "Firm") to serve as lead counsel because the Firm possesses extensive experience in the successful prosecution of complex securities class actions and will adequately represent the interests of all class members.

## II.    STATEMENT OF FACTS

AstraZeneca is a global, science-led biopharmaceutical company that focuses on the discovery, development, and commercialization of prescription medicines in Oncology, Rare Diseases, and Biopharmaceuticals, including Cardiovascular, Renal & Metabolism, and Respiratory & Immunology.  Pertinent to this action are AstraZeneca's business activities in China.  AstraZeneca entered the Chinese market in 1993, and its Chinese headquarters are in Shanghai.

The Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 1) ("Complaint") alleges that Defendants, throughout the Class Period, made materially false and/or misleading statements about the Company and failed to disclose adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) AstraZeneca engaged in insurance fraud in China; (2) as a result, AstraZeneca faced heightened legal exposure in China, which eventually resulted in the AstraZeneca China President being detained by Chinese law enforcement

---

the UCITS/AIFMD legislation they direct the activities of the respective SICAVs. *Id.*, Exs. D, E.

- 2 -

authorities; (3) as a result, AstraZeneca understated its legal risks; (4) the foregoing, once revealed, could materially harm AstraZeneca's business activities in China; and (5) as a result, Defendants' statements about its business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

The Complaint alleges that on October 30, 2024, the Company announced that Leon Wang, AstraZeneca's China President, was under investigation by Chinese authorities. Then, on November 5, 2024, *Yicai Global*, an English-language financial media organization in China, published an article titled "AstraZeneca Insurance Fraud Involves Dozens of Senior Executives in China, Source Says," detailing the Company's misconduct in China and reporting that AstraZeneca representatives were "found to have faked prescriptions for the lung cancer drug Tagrisso so that patients could buy it through insurance. To boost sales of Tagrisso, staff forged positive genetic testing reports to defraud the health insurance fund, even colluding with genetic testing companies to funnel benefits." Complaint, ¶36. The article further stated that the Company's practices "amount to the largest insurance fraud in the nation's pharmaceutical sector for years" adding that "dozens of AstraZeneca staff have been convicted of fraud with the main offenders receiving prison sentences of over 10 years." *Id*. Finally, on December 18, 2024 *Financial Times* published article titled "AstraZeneca insiders expect sales dip in China after arrest of local boss." *Id*., ¶39. The article reported that AstraZeneca executives "expect to see an 'evident' revenue hit in China in the wake of the arrest of its country president Leon Wang and several other senior executives." *Id*. An AstraZeneca executive quoted in the article stated "'Doctors are unwilling to interact with our salespeople and prescribe our medicines. They say our company has had too many issues . . . .'" *Id*.

Memorandum of Law in Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel – No. 2:24-cv-11021

As a result of Defendants' alleged wrongful acts and omissions and the resulting decline in the value of AstraZeneca securities, class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Institutional Investor Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *Cavanaugh*, 306 F.3d at 729.  First, "[n]ot later than 20 days" after the filing of the first complaint, notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  *Id.*  Here, the statutory notice was published on December 23, 2024 on *Business Wire*.  *See* O'Mara Decl., Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the "person or group of persons that – (aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *see also Cavanaugh*, 306 F.3d at 729; *see also In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("the district

Memorandum of Law in Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel – No. 2:24-cv-11021

court must identify which movant has the largest alleged losses and then determine whether that movant has made a prima facie showing of adequacy and typicality.[3]

The Institutional Investor Funds meet each of these requirements and should be appointed as Lead Plaintiff.

### 1.    The Institutional Investor Funds' Motion Is Timely

The December 23, 2024 notice published on *Business Wire* advised AstraZeneca investors of the pendency of this action, the claims asserted, the right to move the Court for appointment as lead plaintiff, and the February 21, 2025 deadline by which to do so. *See* O'Mara Decl., Ex. A. This motion is therefore timely filed, and the Institutional Investor Funds are entitled to have the Court consider their motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II) (providing that any class member may move for appointment as lead plaintiff within 60 days of publication of the notice of the filing of the first-filed action).

### 2.    The Institutional Investor Funds Possess the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Institutional Investor Funds possess a significant financial interest in the relief sought by the class. During the alleged Class period, the Institutional Investor Funds purchased 2,186,621 shares of AstraZeneca American Depository Shares and suffered more than $10,260,000 million in losses as a result of Defendants' alleged fraud. *See* O'Mara Decl., Exs. B, C. To the best of their counsel's knowledge, there are no other plaintiffs who have a larger financial interest in the relief sought by the class. Therefore, the Institutional Investor Funds satisfy the PSLRA's prerequisite of having "the largest

---

[3] All citations and footnotes are omitted and emphasis is added unless otherwise noted.

- 5 -

financial interest in the relief sought by the class."    15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### B.    The Institutional Investor Funds Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest, a lead plaintiff must also "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc).  As applicable here, Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).  The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).  The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation.  Fed. R. Civ. P. 23(a)(4); *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).  The Institutional Investor Funds satisfy each of these requirements.

The Institutional Investor Funds' claims are typical because, like all class members, they purchased AstraZeneca securities and were adversely affected by Defendants' alleged wrongdoing, suffering damages as a result.  *See* O'Mara Decl., Exs. B, C.  Their claims, therefore, arise from the same course of events as all class members and will require similar (if not identical) legal arguments in order to prove Defendants' liability.  Thus, the Institutional Investor Funds' claims are typical of the claims of the class, and they satisfy the typicality requirements of Rule 23(a)(3).

Memorandum of Law in Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel – No. 2:24-cv-11021

The Institutional Investor Funds are also adequate representatives. Rule 23(a)(4) provides that a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining whether a proposed class representative meets this "adequacy" requirement, courts consider "two questions: (1) do the movant and its 'counsel have any conflicts of interest with other class members' and (2) will the movant and its 'counsel prosecute the action vigorously on behalf of the class?'" *Mersho*, 6 F.4th at 899-900.

The Institutional Investor Funds have no interests that are antagonistic to the interests of the other class members. Rather, their substantial financial interest in the outcome of the action will compel them to vigorously advocate on behalf of all class members. In addition, the Institutional Investor Funds submitted sworn certifications confirming their understanding of the requirements of a lead plaintiff, as well as their desire, willingness, and ability to fulfill those responsibilities. *See* O'Mara Decl., Ex. B.[4] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 320-21 (2007) ("Notably, Congress prescribed new procedures for the appointment of lead plaintiffs and lead counsel . . . aimed to increase the likelihood that institutional investors . . . would serve as lead plaintiffs."); *see also* H.R. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors . . . will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). C+F S.A. is a public limited company SICAV located in Antwerp, Belgium, and Universal Invest is a Luxembourg SICAV. The appointment of the Institutional Investor Funds furthers the PSLRA's goal of involving sophisticated institutional investors in securities class actions. *See*,

---

[4] The Institutional Investor Funds have also submitted declarations from Johan Verbist and Cathy Arendt explaining that the Institutional Investor Funds are the proper legal entities to be named a plaintiff in this action and have standing to bring the securities fraud claims in this action. *See* O'Mara Decl., Exs. D, E.

- 7 -

*e.g.*, *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBF (VBKx), 2011 WL 710704, at *6 (C.D. Cal. Feb. 14, 2011) (appointing Luxembourg SICAV as lead plaintiff); *In re Vivendi Universal, S.A. Sec. Litig.*, 605 F. Supp. 2d 570, 579 (S.D.N.Y. 2009) (finding SICAVs have standing to sue for securities fraud violations, and that "SICAVs appear to be sufficiently similar to corporations and limited partnerships to justify allowing them to bring suit").

Finally, the Institutional Investor Funds have selected highly experienced counsel committed to vigorously prosecuting this action to a successful conclusion. O'Mara Decl., Ex. F.  Thus, the Institutional Investor Funds satisfy the adequacy requirements of Rule 23(a)(4).  Because the Institutional Investor Funds have the largest financial interest in the relief sought by the class, and because they meet Rule 23's requirements, they are "the most adequate plaintiff" and should be appointed lead plaintiff.

### C.    The Institutional Investor Funds' Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see, e.g.*, *Cavanaugh, 306 F.3d at 732-35*.  Here, the Institutional Investor Funds have selected DiCello Levitt, a firm with significant experience prosecuting and successfully resolving securities class actions.

DiCello Levitt is an esteemed plaintiffs' firm that is highly experienced in litigating complex class actions.  Among its approximately 80 attorneys across eight offices are dozens with, collectively, more than 200 years of experience litigating and leading securities fraud and complex financial instruments class actions. DiCello Levitt's highly experienced securities attorneys have played leading roles in some of the most significant securities cases since the enactment of the PSLRA, litigated some of the largest securities class actions in the United States, and prosecuted shareholder actions all over the world.  *See United Ass'n of Plumbers &*

*Pipefitters, Journeymen, Loc. #38 Defined Benefit Pension Plan v. Syneos Health, Inc.*, No. 23-cv-6548, 2023 WL 6622547, at *2 (S.D.N.Y. Oct. 11, 2023) (finding that DiCello Levitt "has the knowledge, experience, and resources to serve as lead counsel here"). For example, DiCello Levitt attorneys have led or played a critical role in securing billions of dollars in recoveries in securities fraud class and individual actions, including, among others, *Jones, et al. v. Pfizer Inc., et al.*, No. 10-cv-3864 (S.D.N.Y.) ($400 million recovery); *In re Cardinal Health, Inc. Sec. Litig.*, No. 04-cv-575 (S.D. Ohio) ($600 million recovery); *In re Dynegy, Inc. Sec. Litig.*, No. 4:02-cv-01571 (S.D. Tex.) ($475 million recovery); *Bennett v. Sprint Nextel Corp.*, No. 09-cv-2122 (D. Kan.) ($131 million recovery); *In re CIT Grp. Inc. Sec. Litig.*, No. 1:08-cv-06613 (S.D.N.Y.) ($75 million recovery); and *In re MGM Mirage Sec. Litig.*, No. 2:09-cv-1558 (D. Nev.) ($75 million recovery).

DiCello Levitt has also been recognized by courts for its advocacy for and commitment to providing opportunities to attorneys from historically underrepresented groups. *See generally* O'Mara Decl., Ex. F. And significantly, unlike many "litigation" firms, DiCello Levitt is a trial firm and regularly tries cases to verdict. The trial team is supported by an in-house focus group and mock trial program led by firm partners designed to develop cases for trial from the outset, including focusing discovery on evidence that juries will actually need as part of their deliberative process.

Based on the foregoing, the Institutional Investor Funds respectfully submit that they, and the other members of the proposed class, will be well-served by DiCello Levitt leading this litigation and respectfully request that the Court approve their selection of DiCello Levitt as lead counsel in this case.

## IV.    CONCLUSION

The Institutional Investor Funds (i) timely moved for appointment as lead plaintiff, (ii) have the largest financial interest in this litigation, and (iii) satisfy both the typicality and adequacy requirements of Rule 23. Moreover, the Institutional

- 9 -

Investor Funds have retained counsel with the requisite experience and resources to adequately represent the interests of all class members.  For these reasons, the Institutional Investor Funds respectfully request that this Court grant their motion, appoint them as Lead Plaintiff, and approve their selection of DiCello Levitt as Lead Counsel.

DATED:  February 21, 2025

Respectfully submitted,

**DiCELLO LEVITT LLP**
HENRY ROSEN
BRIAN O. O'MARA
HANI Y. FARAH
KELSEY ANDERSON

_____s/ Brian O. O'Mara_____
BRIAN O. O'MARA

4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel.:  (619) 923-3939

*Proposed Lead Counsel for Proposed Lead Plaintiff*

- 10 -

## **LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for the Institutional Investor Funds, certifies that this brief contains 3,469 words, which complies with the word limit of L.R. 11-6.1

DATED:  February 21, 2025

s/ Brian O. O'Mara
BRIAN O. O'MARA

I hereby certify under penalty of perjury that on February 21, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Brian O. O'Mara
BRIAN O. O'MARA

Brian O. O'Mara
briano@dicellolevitt.com
**DiCELLO LEVITT LLP**
4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel.:  (619) 923-3939

Memorandum of Law in Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel – No. 2:24-cv-11021