HENRY ROSEN (Bar No. 156963)
hrosen@dicellolevitt.com
BRIAN O. O'MARA (Bar No. 229737)
briano@dicellolevitt.com
HANI Y. FARAH (Bar No. 307622)
hfarah@dicellolevitt.com
KELSEY ANDERSON (Bar No. 359467)
kanderson@dicellolevitt.com
**DiCELLO LEVITT LLP**
4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel.: (619) 923-3939

*Proposed Lead Counsel for Proposed Lead Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JERIES SALEH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ASTRAZENECA PLC, PASCAL SORIOT, and ARADHANA SARIN, <br><br> Defendants. | Case No. 2:24-cv-11021 <br><br> **CLASS ACTION** <br><br> MEMORANDUM IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND IN FURTHER SUPPORT OF INSTITUTIONAL INVESTOR FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL <br><br> DATE:     March 24, 2025 <br> TIME:     1:30 p.m. <br> CTRM:   7A <br> JUDGE:   Hon. John F. Walter |

Related institutional investors C+F and Universal Invest[1] ("Institutional Investor Funds") respectfully submit this Memorandum in Opposition to the Competing Motions for Appointment as Lead Plaintiff and in Further Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel.

## I.    INTRODUCTION AND BACKGROUND

On February 21, 2025, three completing motions were filed, each seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities litigation Reform Act of 1995 ("PSLRA").  These motions were filed by: (1) Institutional Investor Funds (ECF No. 22); (2) Michiana Area Electrical Workers' Pension Fund (ECF No. 13); and (3) two unrelated multi-employer funds (Teamsters Local 710 Pension Fund and St. Clair County Employees' Retirement System) (ECF No. 18).  Based on information contained in each movant's submission, the Institutional Investor Funds are presumptively "the most adequate plaintiff" within the meaning of the PSLRA.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Indeed, the Institutional Investor Funds' ***loss of more than $10 million*** is nearly ***35 times greater*** than the combined losses of all other movants.  In recognition of this fact, on February 27, 2025, Michiana Area Electrical Workers' Pension Fund withdrew its motion.  ECF No. 27.

The Institutional Investor Funds have also made the *prima facie* showing of typicality and adequacy required of them under Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, because the Institutional Investor Funds have the largest

---

[1] The Institutional Investor Funds are comprised of the following related funds: C+F (C+F World Equities and C+F Very Low) and Universal Invest (Universal Invest Dynamic, Universal Invest High, Universal Invest Medium and Universal Invest Low).  SICAVs C+F and Universal Invest are under common management and control by related management companies Cadelam and Cadelux S.A. in the execution of their functions under the Undertakings for Collective Investment in Transferable Securities (UCITS)/Alternative Investment Fund Managers Directive (AIFMD) legislation. *See* ECF No. 23 at 1 n.2; *see also* ECF Nos. 24-4, 24-5.

Mem. in Opp. to the Competing Mtns. for Appointment as Lead Plaintiff and in Further Support of Institutional Investor Funds' Mtn. for Appointment as Lead Plaintiff – No. 2:24-cv-11021

financial interest in the relief sought by the class, are otherwise typical and adequate, and because the other movants cannot prove that the Institutional Investor Funds are atypical or inadequate, the competing motions should be denied.

## II. THE INSITUTUONAL INVESTOR FUNDS' MOTION SHOULD BE GRANTED

### A. The Institutional Investor Funds Are Entitled to the PSLRA Lead Presumption

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant or group of movants with the "'largest financial interest in the relief sought by the class,'" who "'otherwise satisfies the requirements of Rule 23.'"[2] *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

The PSLRA "'provides in categorical terms that the *only* basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy.'" *Puente v. Chinacast Educ. Corp.*, No. CV 12-4621-JFW PLAx, 2012 WL 3731822, at *2 (C.D. Cal. Aug. 22, 2012) (quoting *Cavanaugh, 306 F.3d at 732*).  Here, there can be no dispute that the Institutional Investor Funds have the largest financial interest of the three competing movants:

| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Approximate Loss |
|---|---|---|---|---|
| Institutional Investor Funds | 218,6621 | 1,476,471 | $112,715,899 | $10.26 million |
| Teamsters Local 710 Pen. Fund & St. Clair County Employees' Retirement System | 55,733 | 26,521 | $2,085,393 | $259,561 |
| Michiana Area Electrical Workers' Pension Fund | 3,826 | 3,826 | $300,761 | $37,364 |

Based on a review of the materials submitted by the competing movants, the Institutional Investor Funds have "demonstrate[d] that they are the presumptive lead

---

[2] All citations are omitted unless otherwise noted.

Mem. in Opp. to the Competing Mtns. for Appointment as Lead Plaintiff and in Further Support of Institutional Investor Funds' Mtn. for Appointment as Lead Plaintiff – No. 2:24-cv-11021

plaintiffs because they have suffered an estimated loss" of over $10.2 million "and have the largest financial stake in this litigation." *See Puente*, 2012 WL 3731822, at *2; *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  And because no movant has, or can, offer any proof that the Institutional Investor Funds do not meet Rule 23's typicality and adequacy requirements, the Court can make quick work of the pending motions.  *Cavanaugh*, 306 F.3d at 729 (noting that the PSLRA "discloses a clear path that the district court must follow in selecting the lead plaintiff").  Indeed, once the presumption is triggered, the relevant inquiry is not whether another movant might somehow better protect the interests of the Class, but whether those movants have presented "proof" that the presumptive lead plaintiff will not fairly represent the interests of the class.  *See id.* at 732 ("[T]he *only* basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy. . . .  That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence."); *see also Puente*, 2012 WL 3731822, at *2 (citing *Cavanaugh* for the same proposition).

As set forth in detail below, the Institutional Investor Funds is the most adequate plaintiff because, in addition to timely moving for appointment as lead plaintiff, they have by far the largest financial interest in the outcome of this litigation and easily satisfy the requirements of Rule 23.

**B.    The Institutional Investor Funds' Losses Far Exceed Those Claimed by All Other Movants**

"There is no prescribed method for determining which movant has the largest financial interest.  Instead, the Court may select accounting methods that are both rational and consistently applied in order to determine which movant 'has the most to gain from the lawsuit.'" *Waterford Twp. Police v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 WL 10667732, at *5 (C.D. Cal. Sept. 29, 2017) (quoting *Cavanaugh*, 306 F.3d at 730); *Ferreira v. Funko, Inc.*, No. 2:20-CV-02319-VAP-PJWX, 2020 WL 3246328, at *5 (C.D. Cal. June 11, 2020) (same).  Here, all

Mem. in Opp. to the Competing Mtns. for Appointment as Lead Plaintiff and in Further Support of Institutional Investor Funds' Mtn. for Appointment as Lead Plaintiff – No. 2:24-cv-11021

movants provided the Court with calculations of their respective claimed losses under the last-in-first-out (LIFO) methodology, where a plaintiff's stock sales during the class period are matched first against the plaintiff's most recent purchases of the shares of a subject security, and gains or losses from those transactions are considered. *See* ECF Nos. 15-2, 20-3, 24-3. And under this methodology – or under any other metric – there is no question that the Institutional Investor Funds, with losses exceeding $10.26 million, possess the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also* ECF No. 23, §III.A.2; *compare* ECF No. 24-3 *with* ECF No. 15-2 and ECF No. 20-3. Indeed, the Institutional Investor Funds' losses are almost **35 *times larger*** than the combined losses claimed by all other movants.[3]

### C.    The Institutional Investor Funds Meet the Requirements of Rule 23

At this stage of the litigation, the prospective lead plaintiff need make only a "'preliminary showing'" that it meets the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *Puente*, 2012 WL 3731822, at *3. "'[A] wide ranging analysis . . . is not appropriate'" to determine whether the Institutional Investor Funds "ha[ve] made a prima facie showing that [they] satisf[y] the requirements of Rule 23, and such a wide ranging analysis 'should be left for consideration on a motion for class certification.'" *Id.* Moreover, "'institutional investors and others with large losses will, more often than not, satisfy the typicality and adequacy requirements.'" *Id.* (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001)).

---

[3] *See Petrie v. Elec. Game Card, Inc.*, No. SACV 10-0252 DOC (RNBx), 2010 WL 2292288, at *2 (C.D. Cal. June 4, 2010) (appointing group of investors and noting that "[t]his is not a case where individual investors use aggregation to push ahead of an individual investor whom, taken individually, who have a greater financial loss than them").

Mem. in Opp. to the Competing Mtns. for Appointment as Lead Plaintiff and in Further Support of Institutional Investor Funds' Mtn. for Appointment as Lead Plaintiff – No. 2:24-cv-11021

"'Under [Rule 23's] permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Puente*, 2012 WL 3731822, at *3 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). "'Typicality [thus] entails an inquiry whether the named plaintiff's individual circumstances are markedly different or . . . the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based.'" *Puente*, 2012 WL 3731822, at *3. Here, as set forth in the Institutional Investor Funds' opening memorandum (ECF No. 23), the complained of conduct relates to defendants' alleged false and misleading public statements that resulted in inflated stock prices and subsequent damages when the truth was disclosed. *E.g.*, ECF No. 23, §II. Thus, the claims of the Institutional Investor Funds are substantially similar, if not identical, to those of other class members and the Institutional Investor Funds have established typicality.

The test for adequacy turns on whether the proposed lead plaintiffs and their selected counsel "'have any conflicts of interest with other class members'" and whether they will "'prosecute the action vigorously on behalf of the class.'" *Mattel*, 2017 WL 10667732, at *6 (quoting *Hanlon*, 150 F.3d at 1020). Here, the Institutional Investor Funds are "adequate" plaintiffs because they have suffered the greatest financial loss, ensuring vigorous advocacy, and the Institutional Investor Funds have represented that they are willing and able to undertake the responsibilities of lead plaintiffs. *See*, *e.g.*, ECF No. 24-2; *see*, *e.g.*, *McCracken v. Edwards Lifesciences Corp.*, No. 8:13-cv-1463-JLS (RNBx), 2014 WL 12694135, at *3 (C.D. Cal. Jan. 8, 2014) (appointing institutional investors as lead plaintiff); *Puente*, 2012 WL 3731822, at *5 (same). Moreover, the Institutional Investor Funds' interests are not antagonistic to those of other class members. To the contrary, the Institutional Investor Funds' interests are aligned with those of other class members because they, like all members of the class, purchased AstraZeneca

- 5 -

PLC securities in reliance on its allegedly false and misleading statements. *Puente, 2012 WL 3731822, at \*4*.

Based on the foregoing, the Institutional Investor Funds have made the necessary *prima facie* showing that they satisfy both the typicality and adequacy requirements of Rule 23.  Accordingly, the Court should appoint the Institutional Investor Funds as lead plaintiff in this action.

### D.     The Institutional Investor Funds' "Most Adequate Plaintiff" Presumption Cannot Be Rebutted

The presumptive lead plaintiff, in this case the Institutional Investor Funds, must be appointed unless it is demonstrated that they are unable to satisfy the typicality and adequacy requirements of Rule 23(a).  *See Cavanaugh*, 306 F.3d at 730-32.  Here, no such proof exists.  Consequently, because the PSLRA's presumption cannot be rebutted with the requisite proof, the Institutional Investor Funds' motion for appointment as lead plaintiff and approval of selection of counsel should be granted, and the competing movants' motions should be denied.

## III.    THE COURT SHOULD APPROVE THE INSTITUTIONAL INVESTOR FUNDS' SELECTION OF COUNSEL

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. §78u-4(a)(3)(B)(v).  The Ninth Circuit has confirmed that the "'the choice [of counsel] belongs to the lead plaintiff.'" *Cavanaugh*, 306 F.3d at 734 n.14 (quoting *Cendant*, 264 F.3d at 254).  The Institutional Investor Funds have selected highly experienced and highly qualified counsel in DiCello Levitt LLP to represent the interests of the class.  *See* ECF No. 23, §III.C.; *see also* ECF No. 24-6 (DiCello Levitt firm résumé).  The Institutional Investor Funds' choice of counsel merits the Court's approval. *United Ass'n of Plumbers & Pipefitters, Journeymen, Loc. #38 Defined Benefit Pension Plan v. Syneos Health, Inc*., No. 23-cv-6548, 2023 WL 6622547, at \*2 (S.D.N.Y. Oct. 11, 2023)* ("The Court has reviewed the qualifications

of the Institutional Investors' chosen counsel – DiCello Levitt LLP – and finds that the firm has the knowledge, experience, and resources to serve as lead counsel here.").

## IV.    CONCLUSION

For all of the reasons stated above and those set forth in the Institutional Investor Funds' moving papers, the Institutional Investors are entitled to the "most adequate plaintiff" presumption and their motion should be granted.  The Court should appoint the Institutional Investor Funds as lead plaintiff and approve their selection of DiCello Levitt LLP as lead counsel.  All other motions should be denied.

DATED:  March 3, 2025

Respectfully submitted,

**DiCELLO LEVITT LLP**
HENRY ROSEN
BRIAN O. O'MARA
HANI Y. FARAH
KELSEY ANDERSON

s/ *Brian O. O'Mara*
BRIAN O. O'MARA

4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel.:  (619) 923-3939

*Proposed Lead Counsel for Proposed Lead Plaintiff*

- 7 -

Mem. in Opp. to the Competing Mtns. for Appointment as Lead Plaintiff and in Further Support of Institutional Investor Funds' Mtn. for Appointment as Lead Plaintiff – No. 2:24-cv-11021

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Institutional Investor Funds, certifies that this brief contains 2,320 words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 3, 2025

s/ *Brian O. O'Mara*
BRIAN O. O'MARA

Mem. in Opp. to the Competing Mtns. for Appointment as Lead Plaintiff and in Further Support of Institutional Investor Funds' Mtn. for Appointment as Lead Plaintiff – No. 2:24-cv-11021

## **CERTIFACATE OF SERVICE**

I hereby certify under penalty of perjury that on March 3, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ *Brian O. O'Mara*
BRIAN O. O'MARA

BRIAN O. O'MARA
briano@dicellolevitt.com
**DiCELLO LEVITT LLP**
4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel.:  (619) 923-3939