ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT H. SAHAM (188355)
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JERIES SALEH, Individually and on Behalf of All Others Similarly Situated, ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> ASTRAZENECA PLC, ) <br><br> Defendants. ) | Case No. 2:24-cv-11021-JFW-AS <br><br> <u>CLASS ACTION</u> <br><br> THE PENSION FUNDS' OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF <br><br> DATE: March 24, 2025 <br> TIME: 1:30 p.m. <br> CTRM: 7A <br> JUDGE: Hon. John F. Walter |

4935-9261-2899.v1

## I.    INTRODUCTION

On February 21, 2025, three motions were filed by class members seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, *et seq.*: (1) Teamsters Local 710 Pension Fund and St. Clair County Employees' Retirement System (the "Pension Funds"); (2) C+F and Universal Invest; and (3) Michiana Area Electrical Workers' Pension Fund.[1]  *See* ECF 13. 18, 22.  To determine which of these movants is presumed to be the "most adequate plaintiff," the PSLRA directs the Court to consider which movant "has the largest financial interest in the relief sought by the class" ***and*** "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).  That presumption can be rebutted by demonstrating that the "most adequate plaintiff" cannot fairly and adequately represent the class, or is "subject to unique defenses."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

While the Belgian and Luxembourgian open-ended investment vehicles C+F and Universal Invest claim to possess the largest financial interest, they appear to have omitted millions of dollars' worth of transactions in AstraZeneca PLC securities, including bonds, options trades, and ordinary shares from their PSLRA Certifications. In addition, C+F and Universal Invest's representations as to their financial interest and ability to satisfy Rule 23 are further called into question by the signatories of their PSLRA Certifications, who appear to be individuals associated with C+F and Universal Invest's investment advisors, making it entirely unclear under whose authority they are proceeding. *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 111 (2d Cir. 2008) (investment advisor cannot serve in a representative capacity in a securities class action).  These omissions are particularly striking given that the last time a federal judge ordered these same investment

---

[1]  On February 27, 2025, Michiana Area Electrical Workers' Pension Fund withdrew its motion.  *See* ECF 27.

- 1 -

4935-9261-2899.v1

advisors (also purporting to move in the name of Universal Invest) to substantiate their authority to bring suit in a PSLRA case, Universal Invest withdrew its lead plaintiff motion.  *See Greenberg v. Yongye Int'l, Inc.*, No. 1:11-cv-03616-RJS, ECF 23 at 16:1-5 (S.D.N.Y. Sept. 8, 2011) (requiring the signatory of Universal Invest's lead plaintiff application to submit supplemental declaration confirming that the fund itself through its board of directors (***rather than the fund's investment advisor and the board thereof***) authorized its participation in the action and would be the entities to lead the case if appointed), attached as Exhibit 1 to the Declaration of Michael Albert in Support of the Pension Funds' Opposition to Competing Motion for Appointment as Lead Plaintiff ("Albert Opp. Decl.").

Consequently, C+F and Universal Invest cannot be designated as the presumptive lead plaintiff and their motion should be denied.

## II.    ARGUMENT

### A.    The PSLRA Framework

Pursuant to the PSLRA, the "'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, ***so long as*** he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).[2]  After determining which movant "has the most to gain from the lawsuit," the court "must then focus its attention on ***that*** plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* at 730 (emphasis in original).  "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id.*  As explained more fully below, C+F and Universal Invest, the movants who

---

[2]    Unless otherwise noted, all emphasis added and citations are omitted.

- 2 -

claim to possess a financial interest larger than the Pension Funds, do not appear to have provided **all** of their transactions in AstraZeneca securities and fail to "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  As such, their motion should be denied.

By contrast, the Pension Funds, the movant with the next largest financial interest who are also otherwise adequate and typical of the rest of the class, should be designated the presumptive lead plaintiff and their motion should be granted in full.

**B.      C+F and Universal Invest Are Not the Presumptive Lead Plaintiff**

**1.      C+F and Universal Invest Were Required to Disclose *All* of Their Transactions in AstraZeneca Securities**

The PSLRA requires a certification to "set[] forth **all** of the transactions of the plaintiff in the security that is the subject of the complaint."  15 U.S.C. §78u-4(a)(2)(A)(iv).  Of course, accuracy is essential because omitted transactions impact a movant's financial interest and bear on that movant's adequacy.  Indeed, failing to identify **all** relevant transactions by the statutory deadline is disqualifying.  *See Salem v. Methode Elecs., Inc.*, 2025 WL 368955, at *3 (N.D. Ill. Feb. 3, 2025) ("Although courts are not uniform in their approach to these circumstances, the majority of courts refuse to consider modifications to certifications or claimed losses made after the PSLRA lead plaintiff motion deadline."); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) (denying lead plaintiff motion where movant's certification had errors).

Here, C+F and Universal Invest's Certifications are inconsistent with C+F and Universal Invest's own Semi-Annual and Annual Investment Reports which evidence millions of dollars in transactions in additional AstraZeneca securities.[3]  For example,

---

[3]   The complaint was brought "on behalf of on behalf of persons or entities who purchased or otherwise acquired publicly traded AstraZeneca **securities**."  ECF 1 at ¶1.  The Securities Exchange Act of 1934 defines "security" to mean "any note, stock," and "any put, call, straddle, option, or privilege on any security." among other things.  15 U.S.C. §78c(a)(10).

- 3 -

the C+F Certification does not contain any reference to the Class Period transactions of several of its "compartments," which its own expert admits "do not have a legal personality distinct from [C+F]" (ECF 24-4 at ¶9), including C+F Balanced Dynamic, C+F European Large Caps, C+F Global Line, and C+F Very Defensive, all of which had active positions in AstraZeneca securities during the Class Period including in AstraZeneca American Depository Receipts, AstraZeneca ordinary shares, AstraZeneca 0.375% bond due 3/26/2029, AstraZeneca 3.75% bond due 3/3/2032, and call options.[4]  So too with Universal Invest, which not only omitted the transactions of several of its "compartments" altogether, but also apparently only partially disclosed the Class Period transactions of the compartments identified in its motion such as Universal Invest Low, Universal Invest High, and Universal Invest Dynamic, which also transacted in (and as of the date of the Annual Report seemingly enjoyed Class Period gains on) the AstraZeneca 3.75% bond due 3/3/2032.[5]  These entities appear to have also transacted in short term options trades, which, notwithstanding the PSLRA's mandatory disclosure, were not disclosed to the Court and competing movants.[6]

---

[4]  https://cdn.cadelam.be/online/Jaarverslagen/C+F__NL.pdf at 44, 63, 79, 150, 170, 180 of 251 (C+F's annual report reflecting undisclosed active positions in AstraZeneca securities for C+F Balanced Dynamic, C+F European Large Caps, C+F Global Line, and C+F Very Defensive as of December 31, 2023).  Semi-Annual and Annual Investment Reports of mutual funds are often official, audited documents directly from the fund managers, providing a transparent and standardized account of the fund's financial performance and holdings.  These reports are often mandated by regulatory bodies to ensure investors receive accurate and reliable insights into their investments.

[5]  https://cdn.cadelux.lu/online/Rapportannuel/Universal_Invest__FR.pdf (Universal Invest's annual report reflecting undisclosed active position in AstraZeneca securities for Universal Invest Low, Universal Invest High, Universal Invest Dynamic, and Universal Invest Impact Equity).

[6]  https://cdn.cadelam.be/online/Halfjaarverslagen/C+F__NL.pdf at 87, 91 of 240 (C+F's Semi-Annual Report reflecting sales of AstraZeneca call options during the Class Period).

- 4 -

| MOVANT | Loss/Gain on AstraZeneca Securities |
|---|---|
| **The Pension Funds** | **$259,561** |
| C+F World Equities | ??? |
| C+F Very Low | ??? |
| C+F Balanced Dynamic | Undisclosed |
| C+F European Large Caps | Undisclosed |
| C+F Global Line | Undisclosed |
| C+F Very Defensive | Undisclosed |
| Universal Invest Dynamic, | ??? |
| Universal Invest High, | ??? |
| Universal Invest Medium | ??? |
| Universal Invest Low | ??? |
| Universal Invest Impact Equity | Undisclosed |

If C+F and Universal Invest's own Semi-Annual and Annual Investment Reports are accurate and the Certifications filed with the Court under penalty of perjury are inaccurate, that would "amount to a substantial degree of carelessness and raise doubt as to whether [C+F and Universal Invest] will fairly and adequately represent the best interests of the class." *Tomaszewski, 383 F. Supp. 3d at 414*. Indeed, "[s]worn declarations are integral to the PSLRA process, as they assure district courts that the proposed plaintiff (1) has suffered financial harm; (2) is not a serial litigant; and (3) is interested and able to serve as lead plaintiff." *Id.* Here, given the discrepancy between C+F and Universal Invest's public reports and their sworn Certifications, the Court cannot conclude that either has the claimed financial interest or necessary adequacy to be the lead plaintiff.

### 2. C+F and Universal Invest Have Not Evidenced Either Board of Director's Authorization to Sue

Questions surrounding a movant's "standing, authority, transparency, and structure" can "give rise to unique defenses" and indicate that movant is "atypical of the class as a whole" such that a court could conclude the movant "will not adequately represent the interests of the plaintiff class." *Smajlaj v. Brocade Commc'ns Sys. Inc., 2006 WL 7348107, at *3 (N.D. Cal. Jan. 12, 2006)* (finding presumption in favor of opaque hedge fund was overcome and appointing next largest movant as lead plaintiff). Bearing this in mind, it is noteworthy that when Universal Invest

- 5 -

4935-9261-2899.v1

previously sought lead plaintiff status in *Greenberg v. Yongye Int'l, Inc.*, No. 1:11-cv-03616-RJS, (S.D.N.Y.), now-Second Circuit Judge Sullivan required the signatory of Universal Invest's PSLRA Certification – identified as an executive of Universal Invest's investment manager – to submit a supplemental declaration confirming that "the fund and its board of directors has authorized me to bring this suit on their behalf." Albert Opp. Decl., Ex. 1 at 16:1-5. Curiously, neither Cadelam (who managed Universal Invest at the time) nor Cadelux (who manages Universal Invest now) were able to make that representation, choosing instead to withdraw Universal Invest's motion despite claiming losses thirty times larger than the next movant. *Greenberg v. Yongye Int'l, Inc.*, No. 1:11-cv-03616-RJS, ECF 25 (S.D.N.Y. Sept. 12, 2011) (Albert Opp. Decl., Ex. 2).

Here, C+F and Universal Invest are both managed by commonly owned and commonly controlled investment managers, Cadelam (C+F) and Cadelux (Universal Invest), just like in *Greenberg*. *See* ECF 23 at 1 n.2. It is thus surprising that C+F and Universal Invest have submitted PSLRA Certifications signed by Cadelam and Cadelux's executives without explicitly confirming what Judge Sullivan in *Greenberg* required Cadelam's executives to confirm – *i.e.*, that "the fund and its board of directors has authorized me to bring this suit on their behalf." Albert Opp. Decl, Ex. 1 at 16:1-5.

By choosing to not comply with Judge Sullivan's Order, C+F and Universal Invest confirm, yet again, that they cannot be placed in a fiduciary position of trust to absent class members: Are C+F and Universal Invest's owners, investors, and officers aware that they will have to produce documents, sit for depositions, and otherwise answer questions about their finances and investments? On the present record, it is impossible for the Court or other movants to even begin to attempt to make the typicality and adequacy determination required by the PSLRA. The harm to absent class members in the event of denial of class certification due to a class representative who is either subject to unique defenses, inadequate, or lacks authority under the

- 6 -

4935-9261-2899.v1

relevant foreign contractual/legal framework is certainly not speculative, particularly in light of recent Supreme Court decisions that would make it impossible to revive absent class members' claims if any of these unknown individuals were to withdraw as the lead plaintiff or the class representative after such claims have become time-barred. *See Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 137 S. Ct. 2042, 198 L. Ed. 2d 584 (2017); *China Agritech, Inc. v. Resh*, 584 U.S. 732, 138 S. Ct. 1800, 201 L. Ed. 2d 123 (2018). It makes little sense to expose any class to these risks where, as here, the Pension Funds, typical and adequate domestic pension funds, stand ready and willing to serve as a lead plaintiff and their appointment will insulate the class from such threats.

## III.    CONCLUSION

C+F and Universal Uninvest cannot serve as lead plaintiff because they failed to disclose all of their transactions in AstraZeneca securities and the signatories of their PSLRA Certifications have failed to evidence their authorization from the funds or their board of directors to serve as lead plaintiff. Consequently, their motion should be denied. The Pension Funds' motion should be granted.

DATED: March 3, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT H. SAHAM
DANIELLE S. MYERS
MICHAEL ALBERT

s/ Michael Albert
MICHAEL ALBERT

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 7 -

4935-9261-2899.v1

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
vanoverbeke@vmtlaw.com
tmichaud@vmtlaw.com

Additional Counsel

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Teamsters Local 710 Pension Fund and St. Clair County Employees' Retirement System, certifies that this brief contains 2,127 words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 3, 2025

                        s/ Michael Albert
                        MICHAEL ALBERT

- 8 -

4935-9261-2899.v1