HENRY ROSEN (Bar No. 156963)
hrosen@dicellolevitt.com
BRIAN O. O'MARA (Bar No. 229737)
briano@dicellolevitt.com
HANI Y. FARAH (Bar No. 307622)
hfarah@dicellolevitt.com
KELSEY ANDERSON (Bar No. 359467)
kanderson@dicellolevitt.com
**DiCELLO LEVITT LLP**
4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel.:  (619) 923-3939

*Proposed Lead Counsel for Proposed Lead Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JERIES SALEH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ASTRAZENECA PLC, PASCAL SORIOT, and ARADHANA SARIN, <br><br> Defendants. | Case No. 2:24-cv-11021 <br><br> **CLASS ACTION** <br><br> REPLY MEMORANDUM IN FURTHER SUPPORT OF THE INSTITUTIONAL INVESTOR FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL <br><br> DATE:      March 24, 2025 <br> TIME:      1:30 p.m. <br> CTRM:    7A <br> JUDGE:    Hon. John F. Walter |

The Institutional Investor Funds[1] respectfully submit this Reply Memorandum in Further Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel.

## I.    INTRODUCTION

The PSLRA provides a straightforward and sequential process establishing a presumption that the most adequate plaintiff is the "person or group of persons" with the "largest financial interest" that has made a preliminary showing of the typicality and adequacy requirements of Rule 23.[2]  *See In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (determination of which movant receives the presumption is sequential and "should be based on only the movant's pleadings and declarations").  Only after the presumption attaches can the process "'turn[] adversarial'" and, even then, the presumption may only be rebutted "'upon proof'" of inadequacy or atypicality. *Id.*; 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Here, the Institutional Investor Funds are the presumptive "most adequate plaintiff" under the PSLRA based on their superior financial interest, having suffered more than $10 million in losses – over 35 times larger than the losses claimed by the Pension Fund Group,[3] the only remaining competing movant.  ECF No. 28 at 2-3; *see also* ECF No. 27 (withdrawing its motion for appointment as lead plaintiff).  The

---

[1] The "Institutional Investor Funds" are comprised of the following related funds: C+F (C+F World Equities and C+F Very Low) and Universal Invest (Universal Invest Dynamic, Universal Invest High, Universal Invest Medium and Universal Invest Low).  SICAVs C+F and Universal Invest are under common management and control by related management companies Cadelam and Cadelux S.A. in the execution of their functions under the Undertakings for Collective Investment in Transferable Securities (UCITS)/Alternative Investment Fund Managers Directive (AIFMD) legislation.  *See* ECF No. 23 at 1 n.2; *see also* ECF Nos. 24-4, 24-5.

[2] All defined terms herein shall have the same meaning as set forth in ECF No. 23. All citations and footnotes are omitted and emphasis is added unless otherwise noted.

[3] The "Pension Fund Group" is comprised of Teamsters Local 710 Pension Fund and St. Clair County Employees' Retirement System.  ECF No. 19 at 1.

1

Institutional Investor Funds also satisfy Rule 23's typicality and adequacy requirements and they are willing and able to vigorously pursue these claims on behalf of all members of the class. *See* ECF No. 23 at 6-8; ECF No. 28 at 5-6. The Institutional Investor Funds are therefore the presumptive Lead Plaintiff. The "burden" now shifts to any movant opposing the Institutional Investor Funds' appointment to "show inadequacy," *Mersho*, 6 F.4th at 901, which requires "proof." *Id.* at 899; *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (The PSLRA "provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case."). Here, that proof is entirely lacking.

The Pension Fund Group claims, without any evidence and contrary to law, that the Institutional Investor Funds failed to disclose transactions in AstraZeneca securities that are *not* the subject of the complaint and that were not entered into by the lead plaintiff movants. They further speculate that the Institutional Investor Funds failed to evidence their authority to sign the certifications and pursue this litigation. The Pension Fund Group is wrong on both arguments. The Institutional Investor Funds have faithfully complied with the PSLRA's certification requirement, identifying all transactions in the security that is the subject of the complaint. 15 U.S.C. §78u-4(a)(2)(A)(iv). In addition, the Institutional Investor Funds have properly evidenced that they are authorized to execute the Certifications, and thus, that the motion and their leadership in this litigation is fully and duly authorized. *See* ECF No. 24-2 at 2, ¶¶3-4; *id.* at 7, ¶¶3-4; *see also* Declaration of Brian O. O'Mara in Support of the Reply Memorandum in Further Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("O'Mara Reply Decl."), Ex. 1, ¶¶10-12, 17; *id.*, Ex. 2, ¶¶7-8, 13, filed concurrently herewith.

In the end, the Institutional Investor Funds are the presumptively most adequate plaintiff. The Pension Fund Group has failed to submit any evidence, let alone the requisite *proof*, that rebuts that presumption. Thus, according to the Ninth

2

Circuit's straightforward application of the PSLRA's lead plaintiff provisions, the Institutional Investor Funds should be appointed lead plaintiff. The Pension Fund Group's arguments should be rejected and its motion should be denied.

## II.     THE INSTITUTIONAL INVESTOR FUNDS ARE THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF

The PSLRA instructs courts to select as lead plaintiff the movant "'most capable of adequately representing the interests of class members.'" *Cavanaugh, 306 F.3d at 729*. "The 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Id.*; *see Waterford Twp. Police v. Mattel, Inc., No. 17-cv-04732 VAP (KSx), 2017 WL 10667732, at \*5 (C.D. Cal. Sept. 29, 2017)* ("the PSLRA establishes a presumption that the person or entity with 'the largest financial interest in the relief sought by the class' is the 'most adequate plaintiff' and may be designated Lead Plaintiff"). And "[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status." *Cavanaugh, 306 F.3d at 732, 739* (the movant with the largest financial interest only needs to make a *prima facie* showing that it satisfies Rule 23 to be the presumptive lead plaintiff); *see also Tanne v. Autobytel, Inc., 226 F.R.D. 659, 667 (C.D. Cal. 2005)* (explaining that only a preliminary showing is needed for appointment of a lead plaintiff because a wide-ranging analysis will take place during the class certification process).

With losses exceeding $10 million, the Institutional Investor Funds possess "the largest financial interest in the relief sought by the class . . . and otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc)."

And the Institutional Investor Funds' claims easily meet the typicality requirement because their claims are identical or nearly identical to those of all putative class members and rely on the same legal arguments. *See* ECF No. 23 at 6-

3

8; ECF No. 28 at 5-6. Like all members of the Class, the Institutional Investor Funds purchased AstraZeneca "securities publicly traded on NASDAQ during the Class Period" (ECF No. 1, ¶42) and were damaged by the alleged materially false and misleading statements. *Id*.

The Institutional Investor Funds also meet Rule 23's adequacy requirement, which requires that the movant be able to "fairly and adequately protect the interests" of all class members. Fed. R. Civ. P. 23(a)(4). The Institutional Investor Funds are sophisticated institutional investors, providing the ability to effectively supervise and monitor counsel. And no evidence suggests that the Institutional Investor Funds' chosen counsel are incapable or unqualified.

Because they possess the largest financial interest in the relief sought by the litigation and otherwise meet Rule 23's typicality and adequacy requirements, the Institutional Investor Funds are the presumptive lead plaintiff and should be appointed lead plaintiff.[4]

## III. THE PENSION FUND GROUP HAS FAILED TO PRESENT PROOF TO REBUT THE INSTITUTIONAL INVESTOR FUNDS' "MOST ADEQUATE PLAINTIFF" PRESUMPTION

To rebut the "most adequate plaintiff" presumption that lies decidedly in the Institutional Investor Funds' favor, the PSLRA requires that competing movants submit "proof" that the Funds "will not fairly and adequately protect the interests of the class," or are "subject to unique defenses." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Once the presumption has been triggered, "the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate []' job." *In re*

---

[4] Pursuant to the PSLRA's sequential process, the Court may only consider competing movant's motions "***if and only*** if [the Institutional Investor Funds] is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732.

Reply Mem. in Further Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel – No. 2:24-cv-11021

*Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (alterations in original).  No such proof exists.

### A.    The Institutional Investor Funds Have Fully Complied with the PSLRA's Certification Requirements

The Pension Fund Group argues that the Institutional Investor Funds have not identified all of the transactions in the security that is the subject of the complaint. ECF No. 29 at 3.  The Pension Fund Group is wrong, both as to the nature of the Institutional Investor Funds and as to what securities the PSLRA requires to be disclosed.

First, for each SICAV, "each compartment or sub-fund is treated as a separate entity having its own name, funding, capital gains, losses, and expenses, although compartments or sub-funds do not have a legal personality distinct from the UCITS SICAV."  ECF No. 24-4, ¶9; ECF No. 24-5, ¶7.  "Each compartment's financial position remains independent of the results of other compartments – meaning that gains or losses in one compartment do not, and, in fact, cannot offset gains or losses in another.  This also means that the gains and/or losses of the compartments are not and cannot be consolidated at the SICAV level."  O'Mara Reply Decl., Ex. 1, ¶¶13-16; *id.*, Ex. 2, ¶¶9-12.

As such, the Institutional Investor Funds are not required to submit transactions entered into by other SICAV compartments that did not seek appointment as lead plaintiff.  Indeed, just as Teamsters Local 710 Pension Fund is a separate and distinct legal entity from the Teamsters Local 710 Health and Welfare Fund, so too is each compartment a separate and distinct entity.  *See* O'Mara Reply Decl., Ex. 1, ¶¶13-16; *id.*, Ex. 2, ¶¶9-12; *see also* Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc., No. 21-cv-08812, 2022 WL 3571995, at *2 (N.D. Cal. July 26, 2022) ("the Court is persuaded that PFA Pension has disclosed all of its transactions," where movant submitted a sworn declaration stating that these other "'entities are legally separate from PFA Pension'").

5

The Pension Fund Group's citation to *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409 (E.D. Pa. 2019), is misplaced.  In that case, the Court found a movant inadequate where his certification did "not accurately reflect the number of trades and the price per share," where the movant "combined certain trades and averaged the per-share prices, overstating his total losses."  *Id.* at 414.  No such errors are found here.

Similarly, *Smajlaj v. Brocade Commc'ns Sys. Inc.*, No. C 05-02042, 2006 WL 7348107 (N.D. Cal. Jan. 12, 2006), is distinguishable.  *Brocade* concerned a hedge fund with a "complicated and intricate structure," where it was "unclear which funds held" the relevant security and who had authority to act on those funds.  *Id.* at *2.  Here, the Institutional Investor Funds have identified which funds had relevant transactions in the securities at issue in the complaint and have submitted certifications and declarations evidencing their authority to act.  *See* ECF No. 24-2 at 2, ¶¶3-4; *id.* at 7, ¶¶3-4 (identifying the AstraZeneca "securities that are the subject of this action"); *see also generally* O'Mara Reply Decl., Ex. 1, ¶¶10-12, 17; *id.*, Ex. 2, ¶¶7-8, 13 (showing unequivocally that the signatories are authorized to execute the Certifications on behalf of C+F and Universal Invest).

Second, the Pension Fund Group's argument that the Institutional Investor Funds have omitted relevant transactions from the certifications is unsupported by law.  The PSLRA's certification requirement mandates that the plaintiff certification "set[] forth all of the transactions of the plaintiff in the security that is the ***subject of the complaint*** during the class period specified in the complaint."  15 U.S.C. §78u-4(a)(2)(A)(iv).  Here, the Institutional Investor Funds have faithfully complied with this requirement.

Although perhaps inartful, the complaint is clear that the securities that are "the subject of the complaint" are "AstraZeneca's American Depository Shares ('ADS' or 'ADSs')" that "***trade on the NASDAQ exchange under the ticker symbol***

6

*'AZN.'*" ECF No. 1, ¶¶9, 42. Indeed, the complaint defines the putative class as follows:

> Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who acquired **the Company's securities publicly traded on NASDAQ during the Class Period**, and who were damaged thereby (the "Class").

*See* ECF No. 1, ¶42;[5] *see id.*, ¶¶35, 38, 40 (alleging that as a result of the disclosure of previously undisclosed adverse information "AstraZeneca ADSs fell").

Here, none of the securities the Pension Fund Group references is a "securit[y] that is the subject of the complaint" (15 U.S.C. §78u-4(a)(2)(A)(iv)), nor are the securities related to "the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb). Indeed, AstraZeneca's ordinary shares are foreign securities that trade on the London exchange. O'Mara Reply Decl., Ex. 3. And the two debt securities the Pension Fund Group cite (0.375% bond due 3/26/2029 and 3.75% bond due 3/3/2032) are foreign securities, are denominated in euros, and both trade on the London exchange. O'Mara Reply Decl., Exs. 4-5; *see Stoyas v. Toshiba Corp.*, 734 F. Supp. 3d 1000, 1005 (C.D. Cal. 2024) ("Section 10(b) only applies to deceptive conduct in connection with domestic transactions"); *In re Teva Sec. Litig.*, 671 F. Supp. 3d 147, 202 (D. Conn. 2023) ("In short, [plaintiffs] cannot state a federal securities claim based on transactions in" securities traded on a foreign exchange, including "preferred shares, ordinary shares, or Notes."); *In re Infineon Techs. AG Sec. Litig.*, No. C 04-04156, 2011 WL 7121006, at *3 (N.D. Cal. Mar. 17, 2011) ("Section 10(b) of the Exchange Act does not apply extraterritorially . . . a securities transaction must occur on a domestic exchange to trigger application of §10(b) of the Exchange Act."); *cf. In re Oxford Health Plans, Inc. Sec. Litig.*, 199 F.R.D. 119,

---

[5] The Pension Fund Group's opening motion acknowledges that the complaint filed in this matter concerns AstraZeneca's ADSs, stating: "The Complaint alleges that the truth regarding AstraZeneca's misconduct was revealed to the market through a series of disclosures, each resulting in a decline to the price of AstraZeneca's ADSs." ECF No. 19 at 2.

Reply Mem. in Further Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel – No. 2:24-cv-11021

124-25 (S.D.N.Y. 2001) (rejecting argument at class certification that proposed class representatives "violated the requirements of the PSLRA" by failing to include options in lead plaintiff certification, finding that they "did comply with the certification requirements of the statute and disclosed those transactions in the security which was the subject of the complaint at the time the certification was submitted").

### B.    The Institutional Investor Funds' Motion Was Duly Authorized When Made

The Pension Fund Group speculates that the Institutional Investor Funds' signatories lack the authority to act on their behalf based on the withdrawal of a lead plaintiff motion 13 years ago. The Pension Fund Group's conjecture falls far short of the proof required to challenge the Institutional Investor Funds' lead plaintiff presumption and seeks to impose an unnecessary requirement beyond what is required by the PSLRA and one that the Group itself does not meet.[6]

First, the Institutional Investor Funds have fully complied with the PSLRA's lead plaintiff requirements and confirmed that they "authorized the filing of the motion for appointment as Lead Plaintiff on its behalf in this action." ECF No. 24-2 at 2, ¶5; *id.* at 7, ¶5. Nothing more is required. *See, e.g.*, *Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 403 (S.D.N.Y. 2004) (finding that movants who "executed and submitted the precise certifications required under the PSLRA" to be wholly sufficient). The Institutional Investor Funds have further submitted supplemental declarations, confirming that under Belgian law, and Luxembourg law, the signatories of C+F and Universal Invest, respectively, are fully and duly authorized and empowered to execute the certifications and thus, to bring this litigation on the Institutional Investor Funds' behalf. O'Mara Reply Decl., Ex. 1, ¶¶10-12, 17; *id.*,

---

[6] Indeed, for its part, the Pension Fund Group has not submitted "proof" that Teamsters Local 710 Pension Fund's signatory, an administrator, is authorized to act on its behalf in this litigation.

8

Reply Mem. in Further Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel – No. 2:24-cv-11021

Ex. 2, ¶¶7-8, 13.  The evidence demonstrates that the Institutional Investor Funds' PSLRA certifications, submitted on behalf of C+F and Universal Invest, were properly authorized and fully comply with the PSLRA's certification requirements. *Cf. Twitchell v. Enovix Corp.*, No. 23-cv-00071, 2023 WL 3170044, at *8 (N.D. Cal. Apr. 28, 2023) (rejecting argument that investment manager could not bind investment funds, finding competing movant had "no proof" to support argument that manager could not bind funds where supplemental submission "confirmed" "the investment manager of the funds . . . ha[d] legal authority to bind the" investment funds).  This is more than sufficient to satisfy the Institutional Investor Funds' adequacy.

The Pension Fund Group's speculation as to the reasons Universal Invest (Quality Growth) may have withdrawn its lead plaintiff application more than 13 years ago in a case pending in the Southern District of New York is wholly insufficient to rebut the Institutional Investor Fund's "most adequate plaintiff" presumption.  *See Cavanaugh*, 306 F.3d at 729 n.2  ("the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23"); *see also Cendant*, 264 F.3d at 270 (to rebut the presumption actual evidence must be presented, "[a]llegations . . . are not proof of wrongdoing").  This conjecture falls far short of the requisite proof required to challenge the Institutional Investor Funds' most adequate plaintiff presumption.[7]  *See Mersho*, 6 F.4th at 899 ("The statute requires proof that the presumptive lead plaintiff is not adequate.").

---

[7] Attempting to draw any conclusions from the withdrawal of a lead plaintiff motion is as improper as attempting to draw conclusions from the Pension Fund Group's counsel's abandonment of the class's claims *in the same case – with prejudice –* after being told by Judge Sullivan that their amended complaint "was a *piece of junk*." *See* O'Mara Reply Decl., Ex. 6 at 7:14-16 ("I would say candidly I thought this complaint was a piece of junk.  I mean, it really is bad."); *see also id*., Ex. 7.

Reply Mem. in Further Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel – No. 2:24-cv-11021

## IV.   CONCLUSION

The "'the most adequate plaintiff'" is the movant with the largest financial interest who "'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'"   *Mersho*, 6 F.4th at 899; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Here, that is the Institutional Investor Funds: sophisticated institutional investors with losses exceeding $10 million and which unquestionably satisfy Rule 23's typicality and adequacy requirements.  The Institutional Investor Funds' motion for appointment as lead plaintiff should be granted.  All other motions should be denied.

DATED:  March 10, 2025

Respectfully submitted,

**DiCELLO LEVITT LLP**
HENRY ROSEN
BRIAN O. O'MARA
HANI Y. FARAH
KELSEY ANDERSON

*s/ Brian O. O'Mara*
BRIAN O. O'MARA

4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel.:  (619) 923-3939

*Proposed Lead Counsel for Proposed Lead Plaintiff*

Reply Mem. in Further Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel – No. 2:24-cv-11021

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Institutional Investor Funds, certifies that this brief contains 3,067 words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 10, 2025

*s/ Brian O. O'Mara*
BRIAN O. O'MARA

---

Reply Mem. in Further Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel – No. 2:24-cv-11021

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 10, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Brian O. O'Mara

BRIAN O. O'MARA

Brian O. O'Mara
briano@dicellolevitt.com
**DICELLO LEVITT LLP**
4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel.:  (619) 923-3939

Reply Mem. in Further Support of the Institutional Investor Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel – No. 2:24-cv-11021