# Exhibit 6

C21QyonC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE:  YONGYE INTERNATIONAL,

INC. SECURITIES LITIGATION                11 CV 3616 (RJS)

------------------------------x

                                          New York, N.Y.

                                          February 1, 2012
                                          4:30 p.m.

Before:

                HON. RICHARD J. SULLIVAN,

                                          District Judge

                        APPEARANCES

ROBBINS, GELLER, RUDMAN & DOWD, LLP
        Attorneys for Plaintiffs
BY:  DAVID A. ROSENFELD

LAW OFFICES OF CURTIS V. TRINKO, LLP
        Attorney for Plaintiff Greenberg
BY:  CURTIS V. TRINKO

SIMPSON, THACHER & BARTLETT, LLP
        Attorneys for Defendants
BY:  JONATHAN K. YOUNGWOOD
     CRAIG S. WALDMAN

C21QyonC

THE LAW CLERK:  In re: Yongye International, Inc. Securities Litigation, 11 CV 3616.

Appearing for the plaintiffs?

MR. ROSENFELD:  Good afternoon, your Honor.  David Rosenfeld from Robbins, Geller on behalf of the plaintiffs.

THE COURT:  Mr. Rosenfeld, good morning -- good afternoon.

MR. TRINKO:  Curtis Trinko on behalf of the plaintiffs, your Honor.

THE COURT:  Mr. Trinko, you are here for?

MR. TRINKO:  Plaintiffs.

THE COURT:  Some of the plaintiffs, or -- I don't see you listed for the first couple of plaintiffs.  I see you first showing up on the docket sheet on page 2.  Do you represent all of the plaintiffs?

MR. TRINKO:  I represent personally Elliot Greenberg, who was the first to file the case.

THE COURT:  So just Elliot Greenberg at this point, got it.

For the defendants?

MR. YOUNGWOOD:  Good afternoon, your Honor.  John Youngwood from Simpson Thacher for defendant Yongye.  With me is my colleague Craig Waldman from Simpson Thacher.

THE COURT:  Good afternoon to each of you.

We are here in connection with the proposed motion to

C21QyonC

dismiss that the defendants have indicated they wanted to make. I have a January 10 letter from -- I guess we are here for two things. Let me back up.

We are here for a proposed motion to lift the stay for discovery and a motion to dismiss. Let's start with the stay first. I have a January 10 letter of Mr. Rosenfeld, and then I have a January 13 response from Mr. Angiolillo on behalf of the defendants.

I will tell you, as I read the PSLRA and the language of that statute, it seems to me that although there might be good reasons why plaintiffs would want to be able to get this limited amount of discovery, I don't think that the statute really warrants it here. I mean, the automatic stay applies unless the Court finds that particularized discovery is necessary to prevent undue prejudice to that party. So, what is the undue prejudice that is alleviated by this lifting of the stay?

MR. ROSENFELD: Sure, your Honor. We have two concerns that would cause undue prejudice to plaintiffs here. That is, number one, if we were to proceed with the litigation, with just the company as the defendant, as the case progressed, and we ultimately were successful in serving the individual defendants, then at that point in time they would file a motion to dismiss which they would arguably say now forces the stay back into effect such that the stay would now be against -- the

C21QyonC

automatic stay, the PSLRA when a motion to dismiss is pending--

THE COURT:  I understand what would happen.  It is just hard for me to see how that is undue prejudice of a sort that isn't contemplated by the automatic stay provision of the PSLRA.

MR. ROSENFELD:  I don't think this type of situation is contemplated by the PSLRA where it's hard to find the addresses of an individual defendant.  Generally, that information is publicly available.

When you have an individual defendant living in China, it's much harder to track down individuals.  In fact, the only two cases that I'm aware of that have addressed this issue, those are the two cases in Central District of California which cited in our letter.  In each of those instances, the court find that this type of situation, which, again, dealt with individual defendants in China, was sufficient for purposes of deciding that that would be undue prejudice.

THE COURT:  But there, I mean in fairness, the Central District of California went on to find more than just that it would be a nuisance to have them joining the party late.  It's that there was a concern that the defendant would escape liability altogether.  You are not suggesting that here.  We have a lot of time left on your statute of limitations, right?

MR. ROSENFELD:  I think the statute of limitations of 120 days doesn't apply to foreign defendants.  The question is

C21QyonC

whether or not we will actually be successful in finding them. It's very hard. We have made efforts to try and track these individuals down. We have been unsuccessful to date. The information is readily available to the defendants, and I think that was what the concerns in those courts, the Rino decision and the China Education Alliance decision. The concern was that are these individuals going to be served at some point or not. We don't know. The information is readily available.

The whole purpose of the stay, as your Honor knows, is to make sure that, number one, you are not trying to impose an undue burden on the defendants such that this is going to a fishing expedition looking for documents --

THE COURT: I am going by the language of the thing. That language is pretty emphatic. So it's for you to establish the undue prejudice that would befall plaintiffs as a result of not lifting the stay. It seems to me that whether they get served now or later is not going to be that unduly prejudicial. I don't know if in fact when they get served whether they would just have the same counsel as the corporation does or whether it would be different counsel but closely coordinated with the company's counsel, I just don't know.

MR. ROSENFELD: Well, your Honor, we think there would be undue prejudice if we don't serve them -- if we are not successful in serving them. To date we have not been successful in serving them despite our efforts.

C21QyonC

THE COURT:  What efforts have been made?

MR. ROSENFELD:  We've spoken with our investigator in China to try and track down and find these individuals, and they have not been successful in doing that.

THE COURT:  I don't know what steps have been taken. These are pretty common folks.  So, I don't know what your investigator did or didn't do, but I think generally plaintiffs are on the hook for serving defendants.  I think that's true even if they're foreign defendants.

MR. ROSENFELD:  True, your Honor.  We are not asking them to accept service, which we would certainly be happy with. We are not asking them to accept service.  We are simply asking for their addresses so we can effect some sort of service.  If they want to deliver it for us, that's fine, but we do want to serve the individual defendants here.  We have made our own efforts to try to do so.  We can't.  We are hampered now because of the PSLRA discovery stay and trying to get that information from the defendants, and that's why we're here.

THE COURT:  All right.  I am going to deny the request.  I think, again, the statute is quite emphatic in the way it's written, and I don't think this rises to the level of undue prejudice.  It's an inconvenience, but I don't think that's the same as undue prejudice.  If the statute of limitations was about to run or something, then maybe we'd have a different story here, but I don't think that's the case.

C21QyonC

MR. ROSENFELD: Your Honor, I would ask that that denial be without prejudice; that we have continue ongoing efforts to try to serve them, and if we are not successful, we can come back to your Honor.

THE COURT: If there are different facts you want to bring to my attention, you can certainly renew the request.

MR. ROSENFELD: Thank you, your Honor.

THE COURT: That takes us then to the other contemplated motion, which is the defendant's contemplated motion to dismiss. I have a January 18 letter from Mr. Angiolillo and a January 23 response from Mr. Rosenfeld.

I have looked at the complaint. Mr. Rosenfeld, I have had you in many cases before. I have always been impressed with you and your firm. I think you do good work, but I would say candidly I thought this complaint was a piece of junk. I mean, it really is bad. It's just taking a couple of statements from analysts who -- it's not clear exactly who they are or what the basis for their knowledge is, quoting that, and then saying something that I thought was the most off-the-wall thing I've ever heard, stating that Mr. Bezek or Mr. Barnes made certain statements in an analyst's report; that defendants responded, and then saying "These responses failed to dispel the concerns raised by Mr. Bezek." I'm not sure that failing to dispel concerns has anything to do with the federal securities laws. That's just not the issue.

C21QyonC

So, I think it's almost certain I am going to dismiss this complaint, and I think probably it's best to just give you an opportunity to amend it now and then see what comes after that because -- I mean, if you don't want to do that, you don't have to, but I can tell you that the handwriting is on the wall, and this is going down.

MR. ROSENFELD:  I appreciate the offer, your Honor.  I almost certainly will take you up on it.

THE COURT:  How long do you think you'd need?

MR. ROSENFELD:  30 days.

THE COURT:  Mr. Youngwood, you haven't said a word yet.  Would you like to be heard?  30 days I think sounds reasonable.  I think it's much more efficient for us to do it this way rather than piecemeal.  Defendants are OK with that?

MR. YOUNGWOOD:  Yes, your Honor.  Of course.

THE COURT:  So 30 days for amended complaint puts us then at March 3, is that right?

MR. YOUNGWOOD:  That's a Saturday.

THE COURT:  So March 5 then for the amended complaint. I will give you -- Mr. Youngwood, how long do you think you need to look at it and decide whether or not you are going to move to dismiss?  Couple of weeks?  Three weeks?

MR. YOUNGWOOD:  To decide if I am going to move or to file?

THE COURT:  You are then going to take a look at the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

C21QyonC

new complaint. It may be so compelling that you say this is enough to --

MR. YOUNGWOOD: I can decide in two weeks.

THE COURT: Two weeks. What I would then propose is that two weeks later -- so that is March 19 -- the parties submit a joint letter in which defendants indicate whether they are going to move to dismiss. Just give me a quick summary because I've done this enough, I understand how these things go; and if so, then the parties can propose a briefing schedule, which then once I get that letter, I can endorse it and perhaps set a date for oral argument.

Or if it looks like you are not going to make the motion -- I will put a dollar down that you're going to make the motion anyway -- but if it turns out that you are not going to make the motion, then we will talk about discovery and an answer. OK?

MR. YOUNGWOOD: Yes.

THE COURT: I'll issue a short order that reflects those two dates and the ruling with respect to lifting the stay.

That's what was on the agenda as far as I can tell. Anything else that we should be talking about today?

MR. YOUNGWOOD: Just to clarify. In the letter if we are going to make the motion you are going to allow us to make, we don't need to go through the premotion.

C21QyonC

THE COURT:  Right, but a little preview would be nice. Just tell me:  Having reviewed the amended complaint, Judge, we intend to move to dismiss on 12(b)(6) and just quickly state the reason.  It's just helpful for me to get my head around it. OK?  I assume it will be basically the same reasons as what you laid out in your prior letter, but it's a new complaint, so it may be that it's a smaller subset or something totally different.  I don't know.

MR. YOUNGWOOD:  Very good.

THE COURT:  Anything else we should cover today?

MR. ROSENFELD:  Nothing further, your Honor.

THE COURT:  Thank you all.  Good to see you, as always.  If you need a copy of the transcript, you can take that up with the court reporter either now or through the web site later.  Let me thank you and let me thank the court reporter for her time.

(Adjourned)