UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JERIES SALEH, Individually and on Behalf of :   Civil Action No. 1:25-cv-04088 (VSB)
All Others Similarly Situated,    :
       :   LEAD PLAINTIFFS' MEMORANDUM OF
      Plaintiff,    :   LAW IN SUPPORT OF MOTION FOR
       :   ALTERNATIVE SERVICE UNDER RULE
      vs.    :   4(f)(3)
       :
ASTRAZENECA PLC, PASCAL SORIOT,    :
ARADHANA SARIN, WANG LEI (aka    :
LEON WANG), and DAVID    :
FREDRICKSON,    :
       :
      Defendants.    :

---

**Table of Contents**

I.  INTRODUCTION ..........................................................................................................1

II.  BACKGROUND ..........................................................................................................3

    A.  Relevant Procedural History .................................................................................3

    B.  Efforts to Serve Wang and Determine His Residential Address ...........................4

III.  LEGAL STANDARD....................................................................................................5

IV.  ARGUMENT ................................................................................................................6

    A.  The Alternative Methods of Service Are Not Barred by International Agreement................................................................................................................6

    B.  The Alternative Methods of Service Are Reasonably Calculated to Apprise Wang of This Action .................................................................................7

    C.  Discretionary Factors Support Directing Alternative Service on Wang.................9

V.  CONCLUSION.............................................................................................................10

Lead Plaintiffs C+F (C+F World Equities and C+F Very Low) ("C+F") and Universal Invest (Universal Invest Dynamic, Universal Invest High, Universal Invest Medium, and Universal Invest Low) ("Universal") (collectively, "Lead Plaintiffs") move this Court pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure for an order authorizing alternative service on Defendant Leon Wang, a/k/a Wang Lei ("Wang"), via any or all of the following means: (1) email to Wang's individual counsel in China; (2) Wang's social media accounts, including LinkedIn and WeChat; and (3) Wang's phone number via text message.

## I.    INTRODUCTION

The operative Amended Complaint for Violations of Federal Securities Laws brings claims on behalf of investors in United Kingdom-based AstraZeneca PLC ("AstraZeneca" or the "Company"), a pharmaceutical company with substantial operations in China, seeking to pursue remedies under the Securities Exchange Act of 1934. ¶¶1-3.[1] In addition to AstraZeneca, the Amended Complaint names four of the Company's top current or former executives as defendants in this action:

- Pascal Soriot ("Soriot"), AstraZeneca's Chief Executive Officer (¶52);

- Aradhana Sarin ("Sarin"), AstraZeneca's Chief Financial Officer (¶53);

- Leon Wang, former President of AstraZeneca China (¶54); and

- David Fredrickson ("Fredrickson"), AstraZeneca's Executive Vice President of Oncology Business Unit (¶55).[2]

AstraZeneca, Soriot, Sarin, and Fredrickson have already waived or otherwise accepted service of process and appeared in this action. ECF Nos. 42, 42-1, 42-2, 83. Wang has not. Lead

---

[1] All citations to "¶" or "¶¶" refer to paragraphs in the Amended Complaint. ECF No. 62.

[2] Soriot, Sarin, Wang, and Fredrickson are referred to as the "Individual Defendants," and collectively with AstraZeneca, as "Defendants."

Counsel attempted to obtain a waiver of service for Wang through AstraZeneca's counsel, Davis Polk & Wardwell LLP ("Davis Polk"). Declaration of Henry Rosen in Support of Lead Plaintiffs' Motion for Alternative Service ("Rosen Decl."), ¶2. Davis Polk, who is also counsel for Defendants Soriot, Sarin, and Fredrickson, indicated that they have not had contact with Wang and do not represent him. Rosen Decl., ¶¶3, 9.

Wang was the highest-ranking officer at the Company in China throughout the Class Period, the epicenter of the alleged violations of the federal securities laws. ¶54. On information and belief, Wang resides in China. Rosen Decl., ¶4. Moreover, despite Lead Counsel's and their investigator's best efforts, Wang's residential address remains unknown—making the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") inapplicable here. *Id.*, ¶¶4-8, Ex. A; *see infra*, §IV.A. Recently, on February 11, 2026, it was reported that Chinese authorities formally charged Wang with, among other things, medical insurance fraud. Rosen Decl., ¶10, Ex. C. Under such circumstances, court-directed service pursuant to Federal Rule of Civil Procedure 4(f)(3) is the best, and perhaps only, means of effectuating proper service on Wang. *See Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, 2024 WL 2317715, at *6 (S.D.N.Y. May 22, 2024) ("The Court sees no reason to slow the progress of this case by ordering service through the [Hague] Convention when Plaintiffs' proposed means of service will be just as reliable, if not more so.").

Lead Plaintiffs seek an order permitting service of the Summons and the operative Amended Complaint on Wang via: (1) email to his criminal counsel in China; (2) his social media accounts, including LinkedIn and WeChat; and/or (3) text message to his mobile telephone number associated with his WeChat account. These methods of service readily comply with Rule 4(f)(3) and constitutional notions of due process, as they are: (a) not prohibited by any international

agreement; and (b) reasonably calculated to apprise Wang of this action. Indeed, service via email to an individual defendant's foreign criminal counsel has been approved as a valid method of alternative service. *Equipav S.A. Pavimentacao, Engenharia e Comercia Ltda. v. Bertin*, 2022 WL 2758417, at *4 (S.D.N.Y. July 14, 2022). In addition, courts in this District have authorized plaintiffs to serve foreign defendants through social media accounts and text messaging. *Kumar v. Alhunaif*, 2023 WL 8527671, at *4-5 (S.D.N.Y. Dec. 8, 2023) (permitting alternative service through social media and text message) (citing cases).

For all the foregoing reasons, as further set forth below, Lead Plaintiffs respectfully request that the Court grant their Motion so that Wang can be served and appear in this action to answer the allegations against him.

## II.    BACKGROUND

### A.    Relevant Procedural History

The initial complaint in this action was filed by separate counsel for a different plaintiff on December 23, 2024, alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against AstraZeneca and Defendants Soriot and Sarin. ECF No. 1. On March 21, 2025, C+F and Universal were appointed as Lead Plaintiffs and DiCello Levitt LLP was approved as Lead Counsel, pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4(a)(3). ECF No. 41. Shortly thereafter, counsel for the parties negotiated and stipulated to transfer this action from the United States District Court for the Central District of California to the United States District Court for the Southern District of New York. ECF No. 52. On May 12, 2025, the action was transferred to this District. ECF No. 56.

On July 24, 2025, Lead Plaintiffs filed the Amended Complaint. ECF No. 62. In addition to the defendants named in the initial complaint, the Amended Complaint named Fredrickson and Wang as defendants. ¶¶54-55.

### B.     Efforts to Serve Wang and Determine His Residential Address

On July 30, 2025, Lead Counsel conferred with Davis Polk to discuss issues relating to service of the Amended Complaint, specifically with regards to serving Defendants Fredrickson and Wang. Rosen Decl., ¶2. Davis Polk informed Lead Counsel that they were authorized to accept service on Fredrickson's behalf but that they "have not had contact with Mr. Wang." *Id.*, ¶3.

Unable to serve Wang through traditional means, Lead Counsel conducted a reasonably diligent investigation, both internally and through a third-party investigator, to determine Wang's whereabouts and obtain his residential address or other contact information. Rosen Decl., ¶¶4-8, Ex. A. Despite Lead Counsel's and their investigator's extensive efforts, Lead Plaintiffs have been unable to obtain Wang's residential address. *Id.*, ¶¶4-8, Ex. A. Lead Plaintiffs did, however, obtain Wang's active accounts on LinkedIn and WeChat—the dominant messaging application in China—and an active mobile telephone number associated with his accounts on WeChat and Alipay. *Id.*, ¶¶8,16, Exs. A, B.

Thereafter, Lead Counsel met and conferred with Davis Polk concerning alternative service on Defendant Wang. Rosen Decl., ¶9. On January 28, 2026, after Davis Polk conferred with AstraZeneca to determine if a residential address for Wang could be located, Davis Polk informed Lead Counsel that they were not "able to identify an address for" Wang and restated that "Davis Polk does not represent" him. *Id.* After subsequent meet and confers, Davis Polk provided Lead Counsel with contact information for Defendant Wang's Chinese counsel, Mr. Tianhao "Hugo" Hu. *Id.*, ¶¶11-13. Lead Counsel has obtained Mr. Hu's current business email address and confirmed that Mr. Hu represents Wang in his criminal case in China. *Id.*, ¶¶14-15.

Lead Plaintiffs seek an order pursuant to Federal Rule of Civil Procedure 4(f)(3) authorizing alternative service on Defendant Wang through email to his criminal counsel in China,

- 4 -

by message to his LinkedIn and WeChat accounts, and via text message to his mobile telephone number associated with his WeChat account—or through a combination of these channels.

## III.    LEGAL STANDARD

When a defendant is outside the United States, Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "'[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief . . . It is merely one means among several which enables service of process on an international defendant.'" *Washington State Inv. Bd. v. Odebrecht S.A.*, 2018 WL 6253877, at *4 (S.D.N.Y. Sept. 21, 2018).

Service by alternative means must satisfy the requirements of the Due Process Clause of the Fourteenth Amendment. Due process is satisfied where service is effected by means that are "***reasonably calculated***, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, 2018 WL 4757939, at *5 (S.D.N.Y. Sept. 30, 2018) (quoting *Luessenhop v. Clinton Cnty., N.Y.*, 466 F.3d 259, 269 (2d Cir. 2006)) (emphasis added). A party requesting alternative service under Rule 4(f)(3) need only "show[] that the plaintiff has reasonably attempted to effectuate service on the defendant" and demonstrate "that the circumstances are such that the court's intervention is necessary." *Hardin v. Tron Found.*, 2020 WL 5236941, at *2 (S.D.N.Y. Sept. 1, 2020).

"[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, [and] delivery to the defendant's attorney[.]" *Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010). Service via email to a defendant's foreign counsel has been approved as a valid method of alternative service. *Equipav S.A.*, 2022 WL 2758417, at *4 (holding service via the up-to-date email addresses of a defendant's current foreign counsel "will ensure that [the defendant]

receives notice of th[e] action"). Social media, including LinkedIn and WeChat, is also an approved method of alternative service. *Hardin*, 2020 WL 5236941, at *2 (authorizing alternative service through a defendant's LinkedIn account); *Leo Middle E. FZE v. Zhang*, 2021 WL 11593016, at *4 (N.D. Cal. Nov. 2, 2021) (same, except through WeChat). Courts have also authorized text messaging as a mode of alternative service. *Kumar*, 2023 WL 8527671, at *4 (permitting alternative service through social media and text message).

## IV.    ARGUMENT

Court-directed service pursuant to Rule 4(f)(3) is warranted here, as Davis Polk has not agreed to waive or accept service on his behalf, and Wang's residential address remains unknown to Lead Plaintiffs. *Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 2025 WL 3672740, at *2 (2d Cir. Dec. 18, 2025) (stating the Hague Convention does not apply where the address of the person to be served is not known).

Further, Lead Plaintiffs' requested means of alternative service satisfy the requirements of Rule 4(f)(3) because they are "not prohibited by [any] international agreement," Fed. R. Civ. P. 4(f)(3), and they are "'reasonably calculated' to apprise the employee of the pendency of the action and therefore comport[] with due process." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013).

### A.    The Alternative Methods of Service Are Not Barred by International Agreement

Lead Plaintiffs believe that Wang resides in China. Rosen Decl., ¶4. However, while the United States and China are signatories to the Hague Convention, Lead Plaintiffs' proposed means of alternative service are proper because the Hague Convention is inapplicable when the residential address of the party to be served is not known. Indeed, Article 1 of the Hague Convention expressly states that the Convention "shall ***not apply*** where the address of the person to be served with the

document is not known." Hague Convention, art. 1, 20 U.S.T. 361 (emphasis added); *In re New Oriental Educ. & Tech. Grp. Inc. Sec. Litig.*, 2023 WL 5466333, at *2 (S.D.N.Y. Aug. 24, 2023) ("With respect to serving individuals, courts routinely interpret 'address,' as used in the Hague Convention, to refer to 'the actual, current place where [defendant] lives.'") (citing cases). Further, Lead Plaintiffs are not required to proceed through the Hague Convention before attempting alternative service on Wang via his Chinese counsel, his social media accounts, or text message to his mobile telephone number. *See Orient Plus*, 2024 WL 2317715, at *3 (rejecting argument that a plaintiff must attempt to serve defendants through the Hague Convention before alternative service under Rule 4(f)(3) is permitted).

Here, as part of Lead Plaintiffs' search for Wang's residential address, Lead Counsel and their investigator searched domestic and Chinese online sources, public records databases, regulatory filings, news articles, professional licensing websites, and social media platforms. Rosen Decl., ¶¶5-7, Ex. A. Despite their diligent efforts, Lead Plaintiffs have been unable to locate Wang's residential address. *Id.*, ¶¶4-8. Further, after repeated meet and confers, Davis Polk informed Lead Counsel that they, too, have been unable to identify an address for Wang. *Id.*, ¶9. Thus, the Hague Convention is inapplicable here and does not proscribe any of Lead Plaintiffs' proposed methods of alternative service.

**B.     The Alternative Methods of Service Are Reasonably Calculated to Apprise Wang of This Action**

In addition to complying with the text of Rule 4(f)(3), Lead Plaintiffs' proposed methods of alternative service also comply with constitutional notions of due process, as they are each reasonably calculated to inform Wang of the pendency of this action. All of Lead Plaintiffs' proposed methods—via Wang's Chinese counsel, social media, and text message—have been approved by courts as valid means of alternative service.

- 7 -

First, service on Wang through his current Chinese counsel's business email is proper because this method "will ensure that [Wang] receives notice of this action." *Equipav S.A.*, 2022 WL 2758417, at *4 (authorizing alternative service via email to a defendant's foreign counsel's current email address). This is because "attorneys in an ongoing criminal proceeding are likely to be in communication with their clients." *In re BRF S.A. Sec. Litig.*, 2019 WL 257971, at *5 (S.D.N.Y. Jan. 18, 2019). Here, Lead Plaintiffs have obtained an up-to-date business email address for Wang's Chinese counsel, Mr. Hu, who has confirmed that he represents Wang in his ongoing criminal case in China. Rosen Decl. ¶¶14-15, Ex. A. As Wang's attorney in a criminal proceeding, Mr. Hu is likely in communication with Wang, and emailing the Summons and the operative Amended Complaint to Mr. Hu is reasonably calculated to apprise Wang of this action. Thus, this method of alternative service satisfies due process.

Second, service on Wang via his LinkedIn and WeChat accounts comports with due process, as courts have regularly authorized service of process through social media accounts. *See Kumar*, 2023 WL 8527671, at *5 ("Courts often use service by social media, specifically, 'as a "backstop" for service by other means.'") (citing cases). Also, serving Wang via multiple social media accounts, one of which (WeChat) is widely used in China, bolsters a finding that this mode of service satisfies constitutional notions of due process. *See Berdeaux v. OneCoin Ltd.*, 2020 WL 409633, at *1-2 (S.D.N.Y. Jan. 24, 2020) (authorizing alternative service via multiple social media accounts). Here, Wang's LinkedIn and WeChat accounts are active, indicating that messages to such accounts will be delivered. Rosen Decl., ¶¶8,16, Ex. B. The nature of Wang's social media accounts—a professional networking platform (LinkedIn) and China's most widely used messaging application (WeChat)—suggests that Wang likely monitors these accounts. Thus,

- 8 -

serving Wang via his social media accounts is reasonably calculated to apprise him of this action and satisfies due process.

Third, service on Wang by text message complies with due process because mobile "phone numbers are durable, with the phone number tethered to their holders." *See Kumar*, 2023 WL 8527671, at *4. As such, there is "little risk that some other user now uses [Wang's] phone number." *Marvici v. Roche Facilities Maint., LLC*, 2021 WL 5323748, at *3 (S.D.N.Y. Oct. 6, 2021). Service via text message is also likely to satisfy due process when it is part of a multi-pronged service plan. *Id.* at *3-4 ("[T]ext messaging has become a prolific means of communication in today's day and age. It is reasonable to assume that [defendant] continues to monitor the text messages sent to his phone."). Here, Wang likely monitors the identified mobile number since it is still active. The phone number is not only active and associated with Wang's WeChat account, but it is also associated with Wang's profile on a Chinese digital wallet application, Alipay. Rosen Decl., ¶¶8,16. The likelihood that Wang monitors this phone number is also increased by the fact that the monthly phone bill for March has been paid. *Id.*, ¶16. Further, text message is only one of several modes in Lead Plaintiffs' multi-pronged approach to effect service on Wang. Thus, alternative service on Defendant Wang by text message also satisfies due process.

Accordingly, Lead Plaintiffs' proposed modes of serving Wang—via his Chinese counsel, social media, text message, or a combination thereof—satisfy the due process requirements for alternative service under Rule 4(f)(3).

**C.    Discretionary Factors Support Directing Alternative Service on Wang**

In addition to the above, "courts in the Southern District of New York 'generally impose two additional threshold requirements before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing

that the circumstances are such that the court's intervention is necessary.'" *Equipav S.A.*, 2022 WL 2758417, at \*4 (quoting *Hardin*, 2020 WL 5236941, at \*2).

Here, additional factors support authorizing alternative service on Defendant Wang. First, Lead Plaintiffs have reasonably attempted to effect service on Defendant Wang by, among other things, asking Davis Polk if they were authorized to accept service on his behalf. *Orient Plus*, 2024 WL 2317715, at \*5 (finding the plaintiffs reasonably attempted to effect service by asking the company's counsel to accept service for an individual defendant); Rosen Decl., ¶¶2-3. Second, service under the Hague Convention is expected to take eight months to complete and, as such, would result in further delay in serving Defendant Wang. Rosen Decl. ¶4. This alone necessitates this Court's intervention. *See Aircraft Engine Lease Fin., Inc. v. Plus Ultra Lineas Aereas, S.A.*, 2021 WL 6621578, at \*1 (S.D.N.Y. Apr. 23, 2021) ("[B]ecause service through the Hague Convention would unnecessarily delay this case, the Court finds that intervention is necessary.").

Therefore, these additional factors further support Lead Plaintiffs serving Defendant Wang through his Chinese counsel, social media, text message, or a combination thereof.

## V.    CONCLUSION

For the reasons stated above, Lead Plaintiffs respectfully request that the Court grant their motion to effect service on Defendant Wang through the proposed alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3).

DATED:  March 25, 2026                              Respectfully submitted,

*s/ Henry Rosen*
HENRY ROSEN

Henry Rosen (admitted *pro hac vice*)
Kathleen A. Herkenhoff (*pro hac vice* forthcoming)
Brian O. O'Mara (admitted *pro hac vice*)
Ruben Peña (admitted *pro hac vice*)
Kelsey Anderson (admitted *pro hac vice*)
**DICELLO LEVITT LLP**

4747 Executive Drive, Suite 240
San Diego, CA  92121
Tel.: (619) 923-3939
hrosen@dicellolevitt.com
kherkenhoff@dicellolevitt.com
briano@dicellolevitt.com
rpena@dicellolevitt.com
kanderson@dicellolevitt.com

Jarett N. Sena
**DICELLO LEVITT LLP**
485 Lexington Avenue, Tenth Floor
New York, NY  10017
Tel.: (646) 933-1000
jsena@dicellolevitt.com

Roxana Pierce (*pro hac vice* forthcoming)
**DICELLO LEVITT LLP**
801 17th Street, NW, Suite 430
Washington, DC  20006
Tel.: (202) 975-2288
rpierce@dicellolevitt.com

*Lead Counsel for Lead Plaintiffs and the Proposed
Class*

**<u>S.D.N.Y. LOCAL CIVIL RULE 7.1(c) WORD COUNT CERTIFICATION</u>**

I hereby certify pursuant to Southern District of New York Local Civil Rule 7.1(c) that the foregoing LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE UNDER RULE 4(f)(3) was prepared on a computer using Microsoft Word. The total number of words in the brief is 2,990 words, inclusive of point headings and footnotes and exclusive of pages containing the caption, table of contents, table of authorities, signature blocks, and any required certificates.

*s/ Henry Rosen*
HENRY ROSEN

**DiCELLO LEVITT LLP**
4747 Executive Drive, Suite 240
San Diego, CA  92121
Tel.: (619) 923-3939
Email: hrosen@dicellolevitt.com

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 25, 2026, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List.

*s/ Henry Rosen*
HENRY ROSEN

**DiCELLO LEVITT LLP**
4747 Executive Drive, Suite 240
San Diego, CA  92121
Tel.: (619) 923-3939
hrosen@dicellolevitt.com
